FREDERICK FREDERICKSON, AGENT FOR CAROLINE, WIDOW PLAEFFLIN, AND OTHERS, PLAINTIFFS IN ERROR, *v.* THE STATE OF LOUISIANA.

The following is an article of a treaty concluded between the King of Wurtemberg and the United States in 1844, (8 Stat. at L., 588.)

" The citizens or subjects of each of the contracting parties shall have power to dispose of their personal property within the States of the other, by testament, donation, or otherwise; and their heirs, legatees, and donees, being citizens or subjects of the other contracting party, shall succeed to their said personal property, and may take possession thereof, either by themselves, or by others acting for them, and dispose of the same at their pleasure, paying such duties only as the inhabitants of the country where said property lies shall be liable to pay in like cases."

This article does not include the case of a citizen of the United States dying at home, and disposing of property within the State of which he was a citizen, and in which he died.

Consequently, where the State of Louisiana claimed, under a statute, a tax of ten per cent. on the amount of certain legacies left by one of her citizens to certain subjects of the King of Wurtemberg, the statute was not in conflict with the treaty, and the claim must be allowed.

THIS case was brought up from the Supreme Court of the State of Louisiana, by a writ of error issued under the 25th section of the judiciary act.

It involved the construction of an article of a treaty between the United States and the Kingdom of Wurtemberg, concluded

on the 10th of April, 1844, (8 Stat. at L., page 588.) The article is quoted in the syllabus, and need not be repeated. It was admitted upon the record that Fink was a naturalized citizen of the United States at the time of his death, and residing in the city of New Orleans; also, that the legatees reside in the Kingdom of Wurtemberg, and are subjects of the King of Wurtemberg.

The Supreme Court of Louisiana decided in favor of the validity of the tax, and the legatees brought the case up to this court.

It was argued by *Mr Taylor* for the appellants, and by *Mr. Benjamin* for the appellee.

Mr. Justice CAMPBELL delivered the opinion of the court.

The defendant in error made opposition to the account filed in the settlement of the succession of John David Fink, deceased, in the second District Court of New Orleans, because the executor did not place on the tableau ten per cent. upon the amounts respectively allowed to certain legatees, who are subjects of the King of Wurtemberg. By a statute of Louisiana, it is provided that "each and every person, not being domiciliated in this State, and not being a citizen of any other State or Territory in the Union, who shall be entitled, whether as heirs, legatee, or donee, to the whole or any part of the succession of a person deceased, whether such person shall have died in this State, or elsewhere, shall pay a tax of ten per cent on all sums, or on the value of all property which he may have actually received from said succession, or so much thereof as is situated in this State, after deducting all debts due by the succession." The claim of the State of Louisiana was resisted in the District Court, on the ground that it is contrary to the provisions of the third article of the convention between the United States of America and his Majesty the King of Wurtemberg, of the 10th April, 1844. That article is, that "The citizens or subjects of each of the contracting parties shall have power to dispose of their personal property within the States of the other, by testament, donation, or otherwise; and

their heirs, legatees, and donees, being citizens or subjects of the other contracting party, shall succeed to their said personal property, and may take possession thereof, either by themselves, or by others acting for them, and dispose of the same at their pleasure, paying such duties only as the inhabitants of the country where the said property lies shall be liable to pay in like cases." This court, in Mager *v.* Grima, 8 How. S. C. R., 490, decided that the act of the Legislature of Louisiana was nothing more than the exercise of the power which every State or sovereignty possesses of regulating the manner and terms upon which property, real and personal, within its dominion, may be transmitted by last will and testament, or by inheritance, and of prescribing who shall and who shall not be capable of taking it. The case before the District Court in Louisiana concerned the distribution of the succession of a citizen of that State, and of property situated there. The act of the Legislature under review does not make any discrimination between citizens of the State and aliens in the same circumstances. A citizen of Louisiana domiciliated abroad is subject to this tax. The State *v.* Poydras, 9 La. Ann. R., 165; therefore, if this article of the treaty comprised the succession of a citizen of Louisiana, the complaint of the foreign legatees would not be justified. They are subject to " only such duties as are exacted from citizens of Louisiana under the same circumstances." But we concur with the Supreme Court of Louisiana in the opinion that the treaty does not regulate the testamentary dispositions of citizens or subjects of the contracting Powers, in reference to property within the country of their origin or citizenship. The cause of the treaty was, that the citizens and subjects of each of the contracting Powers were or might be subject to onerous taxes upon property possessed by them within the States of the other, by reason of their alienage, and its purpose was to enable such persons to dispose of their property, paying such duties only as the inhabitants of the country where the property lies pay under like conditions. The case of a citizen or subject of the respective countries residing at home, and disposing of property there in favor of a citizen or subject of the other, was not in

the contemplation of the contracting Powers, and is not embraced in this article of the treaty. This view of the treaty disposes of this cause upon the grounds on which it was determined in the Supreme Court of Louisiana. It has been suggested in the argument of this case, that the Government of the United States is incompetent to regulate testamentary dispositions or laws of inheritance of foreigners, in reference to property within the States.

The question is one of great magnitude, but it is not important in the decision of this cause, and we consequently abstain from entering upon its consideration.

The judgment of the Supreme Court of Louisiana is affirmed.