WILLIAM C. GERE vs. JOHN GUNDLACH.

NICHOLAS PETERS and JACOB KNAPP vs. JOHN GUNDLACH.

For defects or irregularities not affecting the jurisdiction of the court, and where no fraud or collusion is imputed, the remedy is given to the party, alone; and another judgment creditor is not entitled to have such proceedings or judgment set aside.

An order for a substituted service of the summons and complaint, obtained upon a sheriff's return that the defendant cannot be found, that the summons and complaint cannot be served personally, and that he has left to avoid proceedings against him by his creditors, and upon an affidavit which does not contain the statements required by chapter 511 of the Laws of 1853, as amended by chapter 212 of the laws of 1863, is not warranted by the statute; and a service made under it will not confer jurisdiction.

The issuing of an attachment is "the allowance of a provisional remedy," within the meaning of section 139 of the Code of Procedure; and if it be legally issued, all questions subsequent are questions of regularity, and not of jurisdiction.

APPEAL from an order denying a motion to set aside the attachment, judgment and subsequent proceedings, &c., in the second above entitled action.

On the 15th day of January, 1869, the plaintiffs in that action caused to be issued to the sheriff of Onondaga county a summons and complaint in that action, with venue in that county, and the sheriff returned thereto, on the same day, that he had made proper and diligent efforts to serve the same on the defendant; that he could not be found; and that the summons and complaint could not be served personally; and it also appeared by the return, that the defendant was expecting trouble with his creditors and had left to avoid proceedings against him by them. This return, together with an affidavit of one Seifker, were on that same day presented to the county judge of Onondaga county, and he issued a warrant of attachment in the action, pursuant to the provisions of sections 227 to 231 of the Code of Procedure, which attachment was delivered to the sheriff, and a levy thereunder made, the same day, by him, on personal property belonging to the defendant,

to the amount of about $100; and on the same day the respondents, on the same return and affidavit, obtained an order from the judge for a substituted service of the summons and complaint, but the affidavit on which such order for substituted service was obtained did not show "that the action was a partition case, or that no personal claim was made against the defendant, or that the defendant was not an officer, soldier or musician, actually absent from his place of residence, and actually engaged in the army or military service of the United States; nor a sailor or marine actually absent from his place of residence, and actually engaged in the naval service of the United States."

The sheriff, on the said 15th day of January, pursuant to the order, served the summons and complaint on the defendant, by leaving it with his wife, at his dwelling-house in said county; but no order for publication was made, and no personal service of the summons made on the defendant, except that within two or three days after the same was delivered to his wife, she handed them to the defendant.

No answer, demurrer or notice of appearance was served by the defendant, and on the 6th day of February the attorney for the plaintiffs entered up a judgment in their favor, against the defendant, for the sum of $289.57 of damages and costs, and on the 8th day of February issued an execution, to the said sheriff, who levied it on the goods that he held by virtue of the attachment. An affidavit of the plaintiffs' attorney, that no answer, demurrer or notice of appearance had been served, and that more than 'twenty days had elapsed since the service of the summons and complaint, was drawn before the judgment was entered; but by mistake and inadvertence it was not verified, and on the 12th day of February an order was granted at special term, that the said verification be made that day, with the same force and effect as though made before the

judgment roll was filed; and that the order, or a copy thereof, be annexed to the judgment roll; which was done.

On the 19th of January, 1869, Gere commenced the first above entitled action by a summons personally served upon the defendant, and on the 9th day of February recovered a judgment therein against the defendant for $90.13 of damages and costs, and on the same day issued an execution to the said sheriff to collect the same, and the sheriff levied the same on the aforesaid property.

Gere then moved the court, at special term, to set aside the attachment and judgment and execution in favor of Peters & Knapp, and directing the sheriff to pay the proceeds of the property levied on, to Gere; which motion was denied. From which order this appeal was taken, by Gere.

*Charles E. Stevens*, for the appellant.

*Wm. J. Wallace*, for the respondents

*By the Court*, FOSTER, J. The proceedings on the part of Peters & Knapp, in obtaining their judgment, were not authorized by the statutes, and were irregular; and there is no doubt that upon application of the defendant, made within a reasonable time, the court would have set them aside for that reason. But nothing can be clearer than that for defects, or irregularities, not affecting the jurisdiction of the court, and where no fraud or collusion is imputed, the remedy for such defects is given to the party alone, and that another judgment creditor is not entitled to have such proceedings or judgment set aside.

The only important question, therefore, is, did the court, in the action of Peters & Knapp, acquire jurisdiction or not.

The order for a substituted service granted by the county judge, was not warranted by the statute, upon the evi-

dence produced before him, for the reason that it did not contain the statements required by chapter 511 of the laws of 1853, as amended by chapter 212 of the laws of 1863, herein before quoted; and the amendment of 1863 declares that unless such affidavit shall show such facts, no such order shall be allowed by the court or judge.

If, therefore, the question of jurisdiction depended alone upon the service of the summons and complaint pursuant to the order, I should have no doubt that such service would not confer it. It is true that within two or three days, after such substituted service, the wife of the defendant handed over to him the copy of the summons and complaint so served, but such delivery to him was less than twenty days before the judgment was entered. But from the time of such delivery he knew that such irregular and void service had been made, and perhaps could and did, by not interfering to prevent or to set aside the judgment, waive the irregularity. But however that may be, (and I am not inclined to lay any stress upon it,) I think that for another reason the court did acquire jurisdiction of the action, and had all the subsequent proceedings under its control.

From what appears before us, on this appeal, we are not authorized to say that the county judge had no right to issue the warrant of attachment. It does not appear that all the evidence upon which the attachment was issued is before us. And even if that were the case, I think enough appears affirmatively to show that the evidence authorized the judge to determine whether to grant it or not. And the appellant does not seriously question the right of the judge to grant the attachment; but as to that, mainly relies upon the fact claimed, that the summons was not personally served, or a publication of it commenced within thirty days after the attachment was issued.

But the attachment was issued; and if it was legally

issued, then all questions subsequent are questions of regularity, and not of jurisdiction; for the Code (section 139) provides that "from the time of the service of the summons, in a civil action, *or the allowance of a provisional remedy,* the court is deemed to have acquired jurisdiction, and to have control of all the subsequent proceedings." This language is too plain to admit of dispute, and there can be no question that the issuing of an attachment is "the allowance of a provisional remedy." (*Code, tit.* 7.)

And there is no reason appearing why, in this case, the court should give a strained construction of that section in order to favor the appellant. There is nothing to show that the demand of the respondents was not an honest one. But as I have no doubt in regard to the construction to be given to the 139th section of the Code, I will not further pursue the subject. The order appealed from should be affirmed, with $10 costs.

[ONONDAGA GENERAL TERM, June 29, 1869. *Bacon, Foster, Mullin* and *Morgan,* Justices.]