CHARLES W. BLOSSOM et al., Appellants, v. LLEWELLYN G. ESTES, Respondent.

The right to an attachment having been conferred by statute is limited by its provisions.

Under the provisions of the Code of Procedure (§ 227),* as amended by section 6, chapter 723, Laws of 1866, declaring that for the purposes of an

---

*See section 638, Code of Civil Procedure.

attachment an action shall be deemed commenced when the summons is issued, provided that personal service thereof shall be made or publication commenced within thirty days, the vitality of an attachment depended upon compliance with the terms of the proviso ; and, upon omission so to do, the jurisdiction which attached on granting the warrant ceased.

An attachment rendered void by failure to serve or publish summons within the time specified was not revived and validated by the appearance of the defendant in the action.

An order vacating an attachment because of such failure, as it involves simply a question of jurisdiction, is reviewable here.

(Argued March 15, 1881 ; decided March 25, 1881.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, made September 10, 1880, reversing an order of Special Term which denied a motion to vacate an attachment, and granting the motion for the reason, as stated in the order, " that the summons was not personally served, nor was the publication thereof commenced, within thirty days from the issuing of said warrant." (Reported below, 22 Hun, 472.)

*Samuel Hand* for appellants.   This order is appealable. (*Ins. Co.* v. *Stevens*, 63 N. Y. 331; *Tracey* v. *Altmeyer*, 46 id. 599.)   Even if the summons was not published and was not personally served within thirty days after the granting of the warrant, still the order made at Special Term denying motion to vacate was correct. (Code of Procedure, § 139; *Gere* v. *Gundlach*, · 57 Barb. 13, 17.)   The court had jurisdiction from the time of the granting of the attachment, and the failure to commence the publication of the summons, or to serve the defendant personally, within thirty days from that time, did not oust the jurisdiction already acquired and does not go to the question of jurisdiction, but is an irregularity merely. (*Gere* v. *Gundlach*, 57 Barb. 13, 17; *Simpson* v. *Burch*, 4 Hun, 315; *Buckhardt* v. *Sanford*, 7 How. 329; 6 id. 47; *Carson* v. *Ball*, 40 Barb. 452; *Bartlett* v. *Spicer*, 75 N. Y. 528 ; *Pennoyer* v. *Neff*, 5 Otto, 714; Conkling's Admiralty, 491.)   The motion could not be granted

because the irregularity complained of is not pointed out or specified in the notice of motion. (Supreme Ct. Rule 46, 1871; *Barker* v. *Cook*, 40 Barb. 254; *Perkins* v. *Mead*, 22 How. 476; *Selover* v. *Forbes*, id. 477.; *People* v. *Kennie*, 2 Hun, 346; *Lewis* v. *Graham*, 16 Abb. 126.) Defendant's appearance had the effect to cure the irregularity. (*Pixley* v. *Winchell*, 7 Cow. 365; *Dix* v. *Palmer*, 5 How. 233; *Baxter* v. *Arnold*, 9 id. 445; *Webb* v. *Mott*, 6 id. 439; *Sprague* v. *Irwin*, 27 How. 51; *Hyde* v. *Patterson*, 1 Abb. 248.) The defendant's delay in making his motion to vacate for a period of more than ten years was such laches as operates to cure as a waiver of the irregularities in the method of proceeding. (*Lawrence* v. *Jones*, 15 Abb. 110; *Martin* v. *Lott*, 4 id. 365; *McEvers* v. *Markler*, 1 Johns. Cas. 248; *Nichols* v. *Nichols*, 10 Wend. 560; *Patterson* v. *Graves*, 11 How. 91; *Jones* v. *Slate Co.*, 16 id. 129; *Ready* v. *Wilson*, 9 id. 34; *Wood* v. *Anthony*, id. 78.) For defects or irregularities not affecting the jurisdiction of the court the remedy is given to the party alone, and third parties are not entitled to have the attachment set aside. (*Jacobs* v. *Hogan*, 15 Hun, 197; *Gere* v. *Gundlach*, 57 Barb. 13, 17; *Simpson* v. *Burch*, 4 Hun, 315; *Matter of Griswold*, 13 Barb. 412.)

*L. H. Arnold, Jr.*, for respondent. Failure to serve or publish the summons within thirty days after the warrant was issued constituted a jurisdictional defect which invalidated the attachment. (*Taylor* v. *Troncosco*, 76 N. Y. 599; *Mojarietta* v. *Laenz*, 10 Weekly Dig. 61; § 227 of the old Code, as amended by the Laws of 1866, chap. 824, § 7; new Code, § 638; old Code, § 139; new Code, § 416; *Wopple* v. *Goble*, 53 Barb. 517; *Kelly* v. *Countryman*, 15 Hun, 97; *Taddiken* v. *Cantrell*, 1 id. 710; *Gere* v. *Gundlach*, 57 Barb. 13; *Simpson* v. *Burch*, 4 Hun, 315.) The allegations of the appellants that the motion was made on behalf of his assignees is a mistake. But the point is immaterial, as the assignees now have the same right as the respondent to make the

motion. (New Code, § 682; *Taylor* v. *Troncosco*, 76 N. Y. 599; *Steuben Co. B'k* v. *Alberger*, 78 N. Y. 252.)

DANFORTH, J. The attachment was granted under the Code of Procedure, upon the ground that the defendant was a non-resident (§ 227). It has been vacated for the reason that the summons was not personally served or the publication thereof commenced within thirty days from the issuing of the warrant. Thus the decision did not relate to the rights of the parties as between themselves, nor involve the exercise of discretion by the court, but its power merely. The question, therefore, is one of jurisdiction and is properly before us for review; and as the right to this process was conferred by statute and is limited by its provisions, the plaintiffs must bring the case within its authority and show that their proceedings conformed to it. Thus an attachment can issue only "in an action," and as under the original Code (Laws of 1848, chap. 379, tit. V., § 106), there could be no action until after the actual service of a summons. The attachment afterward provided for (Laws of 1849, chap. 438, § 227), was of no avail against a non-resident unless he could be found within the State. (*Kerr* v. *Mount*, 28 N. Y. 659.) The difficulty suggested by this result was remedied in 1866 (Laws of 1866, chap. 723, § 6), when it was declared that for the purpose of an attachment "an action shall be deemed commenced when the summons is issued, provided, however, that personal service of such summons shall be made or publication thereof commenced within thirty days." Here is a plain condition, on which the vitality of the attachment depended; and it has not been complied with. It was good when issued, but remained so for thirty days only, unless within that time one or the other of the two steps was taken. The plaintiffs, however, neither served the summons personally nor by publication. At the end of that time the statutory bar fell, and with it the attachment. The jurisdiction which attached upon allowance of the warrant ceased, and as to that proceeding it was as if the statute had been repealed. This consequence necessarily follows the omission to comply with the

terms of the proviso. When challenged by this motion to uphold the attachment, it was part of the plaintiffs' case to show the issuing of a summons, and that thirty days therefrom had not elapsed, or that within thirty days one of the conditions had been performed; failing in that, they were no better off than if the statute had not been passed.

Nor does section 139, upon which the appellants' counsel relies, go further. The effect there given to the allowance of the provisional remedy is qualified in like manner by the proviso or condition to which I have adverted. The sections may be read together and both stand. They are satisfied by a construction which treats the action as existing for the purpose of supporting the attachment during the time specified, liable to be continued upon defined terms, but ending by lapse of time if those terms are not complied with, and, therefore, incapable of supporting any further proceedings. The same result was reached by the General Term of the seventh district in *Waffle* v. *Goble* (53 Barb. 517), decided June, 1868, after a careful examination by a very learned court, and the decision then made has been repeatedly followed (*Taddiken* v. *Cantrell*, 1 Hun, 710; *Kelly* v. *Countryman*, 15 id. 97); and to the same effect upon a statute not dissimilar are *Taylor* v. *Troncoso* (76 N. Y. 599), and *Mojarrieta* v. *Saenz* (80 id. 548). The appellants cite *Gere* v. *Gundlach* (57 Barb. 13), and *Simpson* v. *Burch* (4 Hun, 315.) In the first of these, *Waffle* v. *Goble* (*supra*) was not referred to, and neither of them is necessarily in conflict with the views there expressed. The doctrine upon which the court below placed its decision stands upon the plain reading of the statute, and is so well sustained by authority that it should be considered settled.

The other questions argued for the appellants relate to matters of irregularity or laches, or the character in which the defendant brought the motion before the court, and if at any time important, are not so in this appeal.

The order appealed from should, therefore, be affirmed.

All concur, except RAPALLO, J., absent.

Order affirmed.