WILLIAM L. POMEROY AND OTHERS, APPELLANTS, *v.* WILLIAM H. RICKETTS, AS RECEIVER, ETC., OF MOSS & HERRMANN, RESPONDENT, IMPLEADED, ETC.

*Attachment — the appearance of the defendant renders service of the summons unnecessary — Code of Civil Procedure, sec. 636 — a cause of action must be shown to authorize the issue of an attachment.*

Where, within thirty days from the time of the issuing of an attachment, the defendant appears by an attorney, who serves a formal notice of appearance in his behalf, it is not necessary to serve the summons upon the defendant, either personally or by publication, in the manner required by section 638 of the Code of Civil Procedure.

In an affidavit, upon which an application for an attachment was based, the cause of action was stated as follows: "The defendants owe my firm one thousand eight hundred and eight dollars and seventeen cents over and above all counter-claims known to plaintiff and to me, for goods, wares and merchandise sold and delivered by my firm to the defendants, who are copartners and were such during all the times herein mentioned, between January 8, 1880, and June 30, 1880. No part has been paid."

*Held,* that a cause of action was not stated with sufficient clearness to authorize the issue of an attachment.

APPEAL from an order made at a Special Term vacating an attachment.

*Melville H. Regensburger*, for the appellants.

*C. W. West*, for the respondent.

Daniels, J.:

The attachment was discharged on motion of William H. Ricketts, who had been appointed receiver of the property of the defendants in the action, in a suit brought for the settlement of their partnership affairs.

It was shown in support of the motion that the summons had not been served personally upon the debtors, and that publication had not been commenced within thirty days after the issuing of the attachment. And under the authority of *Blossom* v. *Estes* (84 N. Y., 614) it has been urged that the attachment on account of that omission became inoperative. Such is the language of the section of the Code under which this case was decided. But it was made to appear on the hearing in the present action that the defendants in the attachment had appeared, respectively, by an attorney who had served a formal notice of appearance on behalf of each of them before this period of thirty days had expired. And by section 424 of the Code of Civil Procedure such an appearance is made equivalent to a personal service of the summons upon the defendant so appearing. This provision is general and unqualified in its terms, and those contained in section 638 of the Code of Civil Procedure must be construed together with this enactment, and as so construed the voluntary appearance would be all that could be required to prevent the attachment from becoming inoperative because of the failure to make a formal service of the summons itself. Such a service is wholly dispensed with by an appearance of this nature. It is made equivalent to a personal service of the summons, and that would not be the case if it should be held to be insufficient to create a compliance with what has been required by this section of the Code. The authority already mentioned is clearly distinguishable from the present case, for there was no appearance and no service whatever of the summons in that action until after the period prescribed in section 638 of the Code of Civil Procedure had expired. The attachment there had consequently become invalid, while in this case it was in full force at the time the notices of appearance were served. The attachment, therefore, could not be vacated because this section of the Code had not been otherwise complied with than by this timely appearance of the defendants. That substantially conformed to what was required to sustain the regularity of the proceeding.

The order by which the attachment was vacated is not confined in its terms to any specified ground of. objection. In that respect it materially differs from the order which was considered in *Baldwin* v. *Perry* (25 Hun, 72). For there the decision in terms was restricted to one specified point, while here there was no restriction whatever in the terms of the order, and it may consequently be sustained, if that shall prove to be practicable, upon any legal ground appearing in the case, particularly if that could not have been removed or obviated, in case it had been urged in support of the application upon which the order was made. (*Osgood* v. *Toole*, 60 N. Y., 475, 479.)

The motion to vacate the attachment was made upon the papers on which it was issued, and if they were radically defective the defect could not be supplied by adding further affidavits or other proof in the case. For it is only when the application is founded upon proof by affidavit on the part of the defendant, that it can be opposed by new proof on the part of the plaintiff. (Code of Civil Procedure, § 683.)

Before the attachment could be issued at all, it was requisite that the plaintiff should show, by affidavit, that one of the causes of action mentioned in section 635 of the Code of Civil Procedure existed in their favor. This provision is imperative. And by section 636 of the Code of Civil Procedure, it is an indispensable circumstance to be established before the right to an attachment can be made to appear, and no hardship is imposed upon the plaintiff, who is allowed to prove this fact by his own affidavit, in requiring that it should be made out with a reasonable degree of clearness. He must certainly be required to show that he has a demand upon which the defendant has become legally liable to the recovery of a judgment against him before a cause of action will be made to appear. The affidavit in support of the application for this attachment did not show the existence of a cause of action in favor of the plaintiff. It simply contained a recital from which the plaintiff making the affidavit concluded that such a right of action did exist. The statement was that " the defendants owe my firm $1,808.17, over and above all counter-claims known to plaintiff and to me, for goods, wares and merchandise sold and delivered by my firm to defendants, who are copartners, and were such during all the times herein mentioned,

between June 8, 1880, and June 30, 1880. No part has been paid."

This was not a statement that the plaintiffs in fact had sold goods, wares or merchandise to the defendants of the value of the sum mentioned, or for which they had agreed to pay that sum. But it was of the most general character, stating no time, amount or value, and from that the inference was derived, not supported by a statement of any facts or circumstances, that the defendants owed this amount to the plaintiffs. The case in this respect differs from that of *Kiefer* v. *Webster* (6 Hun, 526), where it was stated that the defendants had promised to pay the amount claimed, and from which the inference could properly be drawn, that the goods sold and delivered were sufficient in amount to sustain the promise to pay the sum of money included in it. The statement contained in the present affidavit falls very far below the standard that was then held to be sufficient, and it does not comply with what this section of the Code has rendered necessary to justify the issuing of an attachment. For that purpose, the cause of action must be shown by affidavit, and that can only legally be done by setting forth the facts by which the liability shall appear to have been created. The complaint made in the case was not sworn to, and for that reason it added no possible weight to the defective affidavit upon which this attachment was issued. And beyond that it formed no part of the papers used to obtain it. As to this point the case was not made out to a sufficient degree of certainty to allow the attachment to be issued. The order setting it aside was clearly right therefore, and it should be affirmed, with the usual costs and disbursements.

BRADY, J., concurred.

Present — DANIELS and BRADY, JJ.

Order affirmed, with ten dollars costs and disbursements.