JOHN BETZEMANN, RESPONDENT, *v.* MARY E. BROOKS, APPELLANT.

*Attachment — may be vacated on motion after it has become inoperative by reason of a failure to serve the summons — Code of Civil Procedure, sec. 638.*

A motion lies to vacate an attachment which has become inoperative by reason of the failure of the plaintiff to serve the summons within thirty days from the time of the issuing and service of the attachment.

APPEAL from an order made at a Special Term, denying a motion to vacate an attachment.

*Kelly & McRae*, for the appellant.

*Edward P. Wilder*, for the respondent.

DANIELS, J.:

After the attachment was issued, it was served by the officer on Susan E. Donahue as the occupant of premises owned by the defendant, and also upon the Bank of the Metropolis, where it was reported that she had funds on deposit, but which the officer was informed was not the fact. This service was made on the 26th day of June, 1883, but the summons in the action was in no form served until the 26th of July, 1883, which was more than thirty days after the issuing, and of this service, of the attachment. The court denied the motion to vacate it, apparently on the ground that it had become inoperative and could be of no possible injury to the defendant, but that was not an answer to the motion. Proceedings had been taken under the attachment, and although it had become inoperative by reason of the omission to serve the summons, the defendant was still entitled to an order definitely declaring that to

be the fact. (*Blossom* v. *Estes*, 22 Hun, 472; affirmed, 84 N. Y., 614.)

Under this authority the order made should be reversed, with the usual costs and disbursements, and an order entered vacating the attachment.

Davis, P. J., and Brady, J., concurred.

Order reversed, with ten dollars costs and disbursements, and attachment vacated.