Hyatt, J.
It appears from the moving papers that the plaintiff had a claim against the defendant and that he brought suit thereon by serving a summons and notice on the defendant on January 23, 1885, three days prior to the commencement of the Doll action; the judgment which was entered thereon was for more than $2,000, but the excess was remitted and the judgment and execution amended nunc pro i/unc. The defendant does not object to the validity of the judgment, execution and sale thereunder, nor does the moving party herein attack the same upon the ground of fraud or collusion. A subsequent judgment creditor is the only objecting party. He alleges several grounds for setting aside the pro *21 ceedings in this action; one as to the jurisdiction of the court, and the others relating to alleged defects and irregularities in the proceedings. Section 315, Code Civil Procedure, provides that the jurisdiction of this court extends to any action wherein the complaint demands judgment for a sum of money only. The language of this section is intended, as its terms show, to include any money judgment action whatever may be the amount claimed. This court has jurisdiction over all such actions. That the amount claimed does not affect the jurisdiction of this court was held in In re Barbour (52 How., 94) ; People agt. Marine Court (23 How., 447). If jurisdiction vests at the commencement of the action, it cannot be ousted by any subsequent act (Koppel agt. Heindricks, 1 Barb., 449; McAdam’s Marine Ct. Pr. [2d ed.], 36). Jurisdiction having been thus acquired in this action regularly, all subsequent proceedings can be, at most merely irregular, and errors and irregularities may be disregarded or amended. The court cannot be ousted of jurisdiction. The court having jurisdiction, its judgment is not void, as between the parties, and a fortiori as to third parties. Entry of judgment for the excess of its jurisdiction may have been an irregularity, which the defendant might have objected to, a third party cannot.
Section 1245 of the ISTew York Consolidation Act, provides that any portion of a claim may be remitted in this court. There being no want of jurisdiction in the case at bar, if there are any defects or irregularities in the judgment or proceedings or execution, they can be taken advantage of only by the defendant. In the conceded absence of fraud, there being no want of jurisdiction, a subsequent execution creditor has no standing in court for the purposes of this motion (Gere agt. Gundlach, 57 Barb., 13). The alleged irregularities and informalities may be amended or corrected by an order to be entered herein (Code Civil Pro, secs. 723, 724).
The motion to vacate the judgment is denied, with ten dollars costs, and the stay of proceedings vacated.
Note. —Affirmed March General Term.— [Ed,