DAVIS COSSITT, AS LATE SHERIFF, ETC., APPELLANT, *v.* HENRY
WINCHELL, RESPONDENT.

*Attachment — void because of a failure to serve the summons within thirty days, as
required by section 227 of the Code of Procedure.*

The failure of the plaintiff to serve the summons upon the defendant personally,
or to commence its service by publication within thirty days from the time at
which an attachment against the defendant's property has been issued, is not
a mere irregularity, but a jurisdictional omission, which destroys the warrant,
nor will its validity be restored, or in any way affected, by the fact that the
defendant, after the expiration of that time, appeared and defended the action.

APPEAL from a judgment in favor of the plaintiff, entered upon
the report of a referee.

*Waters & McLennan* for the appellant.

*Louis Marshall,* for the respondent.

CHURCHILL, J. :

On the ninth day February, 1876, Benjamin Cowan procured a
warrant of attachment in the Supreme Court against Yates R.
Brand as a non-resident, and delivered a copy to Winchell, the
defendant in this action, with notice that he attached a debt owing
by him to Brand.

On the 5th of April, 1876, service by publication of the sum-
mons in *Cowan* v. *Brand* was commenced and prosecuted to com-
pletion, and on the fifth day of May, 1876, the defendant duly
appeared by attorney and answered in the action, which was after-
wards tried, and November 8, 1880, Cowan obtained judgment for
$498.85.  Execution was on the same day issued to the plaintiff as
in an action in which an attachment had been issued, and afterwards,
on the twenty-first day of February, 1881, this action was com-
menced to recover the debt attached February 9, 1876.

The referee before whom the action was tried found as facts what
would otherwise have entitled the plaintiff to judgment, but dis-
missed the complaint because of the failure to serve the summons
personally or to commence its publication within thirty days after
February 9, 1876, as required by section 227 of the Code of Pro-
cedure.  From the judgment entered on his report this appeal is taken.

The only question presented by this appeal seems settled by repeated adjudications. (*Blossom* v. *Estes*, 22 Hun, 472; S. C., 84 N. Y., 614; *Taylor* v. *Troncoso*, 76 id., 599; *Mojarrieta* v. *Saenz*, 80 N. Y., 547; *Waffle* v. *Goble*, 53 Barb., 517; S. C., 35 How., 356; *Taddiken* v. *Cantrell*, 1 Hun, 710; *Pomeroy* v. *Ricketts*, 27 id., 242; Kneeland on Attachments, § 464.)

In *Blossom* v. *Estes* the summons was not served or its publication commenced within thirty days after the attachment was issued and levied, but the defendant subsequently, as was claimed, appeared in the action. The General Term (22 Hun, 472) in reversing an order denying a motion to vacate the attachment, said : " Here it is conceded that the publication was not commenced until after the expiration of the thirty days. This was not a mere irregularity, but a jurisdictional omission, which worked the destruction of the warrant. The alleged appearance long afterwards did not revive the attachment. If authorized, it simply gave the court jurisdiction over the person of the defendant." The Court of Appeals (84 N. Y., 614) affirmed this decision, and say : " The doctrine upon which the court below placed its decision stands upon the plain reading of the statute, and is so well sustained by authority that it should be considered settled." They further say (p. 617) after quoting the proviso of section 227 : " Here is a plain condition on which the vitality of the attachment depended ; and it has not been complied with. It was good when issued, but remained so for thirty days only, unless within that time one or the other of the two steps was taken. The plaintiffs however neither served the summons personally nor by publication. At the end of that time the statutory bar fell and with it the attachment. The jurisdiction which attached upon allowance of the warrant ceased, and as to that proceeding it was as if the statute had been repealed. This consequence necessarily follows the omission to comply with the terms of the proviso."

The attachment having been properly issued might be a protection to the sheriff for acts done under it before the thirty days expired, but beyond that upon the authority of the cases above cited it had no force. *Gere* v. *Gundbach* (57 Barb., 13) and *Simpson* v. *Burch* (4 Hun, 315), are cited in opposition to this conclusion, and it is claimed that their authority is recognized in

*Blossom* v. *Estes* (84 N. Y., 618). But the latter case (as well as other cases cited above) expressly overrules the doctrine of *Gere* v. *Gundlach* and *Simpson* v. *Burch,* that the omission to comply with the proviso of section 227 is an irregularity merely, and that section 139 of the former Code is sufficient to sustain the attachment notwithstanding the omission. There are other questions involved in those cases upon which the result arrived at by the court might be sustained, and to those reference is undoubtedly made in what is said in *Blossom* v. *Estes.*

The judgment appealed from should be affirmed, with costs.

HARDIN, P. J. and FOLLETT, J., concurred.

Judgment affirmed, with costs.