ADOLPHUS H. STOIBER, RESPONDENT, v. ROBERT C. THUDIUM AND WILLIAM K. THUDIUM, DEFENDANTS.

*Attachment — Code of Civil Procedure, §§ 636 and 638 — the affidavit need not show that an action has been commenced.*

Upon an appeal from an order denying a motion to vacate an attachment, upon the ground that it appeared on the face of the order on which the warrant was granted that at the time the application was made for the warrant the action had not been commenced or the summons served, or issued for service, it appeared that, in the affidavit presented to the judge who granted the attachment, it was stated "that the plaintiff is about to commence an action against the defendant for the cause above stated by issuing the summons hereto annexed."

*Held*, that as the summons was made out and accompanied the affidavit a sufficient compliance with the requirements of section 638 of the Code of Civil Procedure was shown.

That section 636 of the said Code does not require that the affidavit should state that an action had been commenced, but simply that one of the causes of

action specified in section 635 existed, and the plaintiff, after obtaining the attachment, has thirty days in which to serve the summons.

*Pickardt* v *Antony* (27 Hun, 269) followed.

APPEAL by junior attaching creditors from an order denying a motion to vacate a warrant of attachment.

*D. C. Briggs*, for Bacon, Baldwin & Co., junior attaching creditors, appellants.

*F. H. Smith*, for plaintiff, respondent.

BRADY, J.:

The motion was made upon the ground that it appeared on the face of the affidavit on which the warrant was granted that at the time the application was made for the warrant this action had not been commenced or the summons served or issued for service. In the affidavit presented to the judge who granted the attachment it was stated " that the plaintiff is about to commence an action against the defendant for the cause above stated by issuing the summons hereto annexed, and no previous application for an attachment has been made herein." It appears, therefore, that a summons was made out and accompanied the affidavit by being annexed to it. This is undoubtedly a sufficient compliance with section 638 of the Code, in the broadest view that can be taken in favor of the appellant's motion.

The cases of *Mills* v. *Corbett* (8 How., 500) and *Blossom* v. *Estes* (84 N. Y., 614), cited on behalf of the appellant, so far as they affect this case, favor the propriety of the disposition made of the appellant's motion. It is not necessary to make any extended review, however, of any of the cases or of the section of the Code under which the attachment was issued, for the reason that the question is substantially disposed of in this department in the case of *Pickardt* v. *Antony* (27 Hun, 269), in which it was held, upon consideration of the various sections of the Code affecting the question, that it need not appear upon the affidavits used upon the attachment that an action has been commenced or that a summons has been served, and that decision was founded upon the proposition that section 636 did not require a statement that an action had been commenced, but simply that one of the causes of

action specified in section 635 existed, and that the plaintiff, after obtaining the attachment, had thirty days in which to serve the summons. Therefore the omission to refer to process in the papers upon which the application for an attachment rested was not any evidence that the summons had not issued. Here the statement was positive that the summons was issued when the application was made for an attachment, because it formed a part of the papers upon which the application was made.

There can be no doubt that the order from which the appeal was taken was right, and it should be affirmed, with ten dollars costs and disbursements.

DANIELS, J., concurred.

Order affirmed, with ten dollars costs and disbursements.