' RUMSEY and O'BRIEN, JJ., concur.

VAN BRUNT, P. J.   I dissent from the opinion of Mr. Justice WILLIAMS.   I do not think there was any power in the court to amend the decree entered by another judge in a substantial particular.   It might have been proper practice to have applied at the foot of the decree for a further and different direction, but there was no power in the court to amend the decree.   I further dissent upon the ground that the application was entirely unnecessary.   If the defendant in this action desired that this property should be conveyed to some other person after it had been conveyed to her by the receiver, she might have made the conveyance herself.   It was, therefore, entirely unnecessary that the court should be called upon to examine this application for the purpose of determining as to whether it was proper upon this record to make the order in question.   The order should be affirmed.

(8 App. Div. 306)

CORN EXCH. BANK v. BOSSIO.

(Supreme Court, Appellate Division, First Department. July 31, 1896.)

ATTACHMENT—WITHDRAWAL—RIGHT TO ORDER OF VACATION.
    The fact that an attachment may be withdrawn does not defeat defendant's right to an order vacating it.

Appeal from special term, New York county.

Action by the Corn Exchange Bank against Bartolome Martinez Bossio.   From so much of an order as denied a motion to vacate a warrant of attachment against defendant, issued on the 7th day of December, 1895, defendant appeals.   Reversed.

Argued before BARRETT, RUMSEY, PATTERSON, and INGRAHAM, JJ.

Antonio Knauth, for appellant.
John M. Bowers and Latham G. Reed, for respondent.

PER CURIAM.   It is conceded that the first attachment, namely, that of December 7, 1895, fell because of the failure to serve the summons as required by law.   Upon the 14th day of May, 1896, the defendant served papers upon a motion to vacate this attachment, specifying as one of the grounds of the motion that the terms of the order of publication had not been complied with.   Upon the 15th day of May, 1896, the plaintiff's attorneys notified the defendant's attorneys and the sheriff that the plaintiff withdrew the attachment.   Still later, namely, May 19, 1896, the sheriff returned the attachment with this indorsement: "The within attachment has been withdrawn."   The plaintiff now insists that, as the attachment fell by operation of law, and especially in view of its formal withdrawal, the motion to vacate was futile and unnecessary.   It is, however, the settled practice not to leave the question of the existence or nonexistence of the attachment under such circumstances open upon the rec-

ord, and dependent upon evidence, but to enter a formal order in accordance with the facts and the legal consequences following thereupon. It was held in Betzemann v. Brooks, 31 Hun, 271, that, although the attachment had become inoperative by reason of the omission to serve the summons, yet the defendant was entitled to an order definitely declaring that to be the fact. The order in that case denying the application was accordingly reversed, and the attachment vacated. The same practice was adopted in Blossom v. Estes, 22 Hun, 472, affirmed 84 N. Y. 614. Indeed, this question of jurisdiction has in all the cases been determined upon motion to vacate. Taylor v. Troncoso, 76 N. Y. 599; Mojarrieta v. Saenz, 80 N. Y. 549; Catlin v. Ricketts, 91 N. Y. 668. The defendant was entitled to a formal order giving legal effect upon the records of the court to the plaintiff's withdrawal.

The order should be reversed, with $10 costs and disbursements, and the motion to vacate the first attachment granted, with $10 costs.