(47 App. Div. 234.)

### FISHER v. NASH.

(Supreme Court, Appellate Division, Fourth Department. January 23, 1900.)

1. ATTACHMENT—SUMMONS—SERVICE ON DEFENDANT—EFFECT OF FAILURE.
    A writ of attachment becomes void if plaintiff fails to comply with Code Civ. Proc. § 638, requiring the summons to be personally served on the defendant within 30 days after the writ is issued, or that the service thereof by public action shall be commenced within that time.

2. CONTEMPT—VALIDITY OF ORDER.
    A court has no power to punish a party for contempt for disobeying an order for examination in aid of an attachment, where the writ has become void before the making of such order, by reason of plaintiff's failure to comply with Code Civ. Proc. § 638, requiring the summons to be personally served on the defendant within 30 days after the writ is issued, etc.

Appeal from special term, Oneida county.

Action by Margaret F. Fisher against Timothy Nash. From an order adjudging Leonora Stilwell guilty of contempt, and punishing her therefor, she appeals. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

W. L. Goodier, for appellant.
J. W. Rayhill, for respondent.

LAUGHLIN, J.  A warrant of attachment was duly issued herein against the property of the defendant, a nonresident of the state, on the 29th day of October, 1898, and on the same day placed in the hands of the sheriff of Oneida county for execution.  The sheriff, having been informed that the appellant, a resident of said county, held a policy of life insurance belonging to the defendant, duly applied to her, pursuant to the provisions of section 650 of the Code of Civil Procedure, for a certificate as to the amount, nature, and description of the property of the defendant held by her.  The appellant on the same day furnished a certificate which was quite indefinite, and later on made contradictory statements concerning the same.  On the 15th day of December, 1898, the county judge of said county, on application of the plaintiff, granted an order for the examination of the appellant before a referee, pursuant to section 651 of the Code of Civil Procedure.  The appellant appeared before the referee, but, on the advice of counsel, she declined to answer questions which would have been material and relevant had the warrant of attachment been still in force.  On the 29th day of December, 1898, on proof of such refusal on the part of the appellant, the county judge made an order requiring her to show cause before him, on the 3d day of January, 1899, why she should not be punished for contempt.  On the return of this order, the appellant raised the objection, in writing, that the court had not jurisdiction, on the ground that the plaintiff had failed to comply with section 638 of the Code of Civil Procedure, which requires that the summons shall be personally served upon the defendant within 30 days after the granting of a warrant of attachment, or that the service thereof by publication shall be commenced within that time.  Notwithstanding this objection, the appellant was declared in contempt, and it was adjudged that her misconduct was calculated to, and really did, defeat, impair, impede, and prejudice the rights of the plaintiff; and it was ordered that she pay to the plaintiff, or her attorney, a fine of $25, and in default thereof that she be imprisoned in the county jail until payment should be made, as required by the order.  The plaintiff's failure to comply with section 638 of the Code of Civil Procedure rendered the warrant of attachment void before the making of the order, which the appellant failed to obey.  The summons had not been personally served, and no order had been obtained for its service by publication.  Code Civ. Proc. §§ 416, 638; Blossom v. Estes, 84 N. Y. 614; Taylor v. Troncosco, 76 N. Y. 599; Mojarrieta v. Saenz, 80 N. Y. 548; Kiely v. Manufacturing Co., 147 N. Y. 620, 42 N. E. 260; Bank v. Bossio, 8 App. Div. 306, 40 N. Y. Supp. 994.  When the jurisdiction of the court was thus challenged, it was incumbent on the plaintiff to show compliance with this section of the Code.  Blossom v. Estes, supra; Robinson v. Spinning Co., 31 App. Div. 241, 52 N. Y. Supp. 751; Van Camp v. Searle, 79 Hun, 134, 29 N. Y. Supp. 757.

The examination of a third party, authorized by section 651 of the Code of Civil Procedure, is in aid of the attachment, and it is essential to the validity of the order that there be a valid existing warrant of attachment outstanding in the case.  The warrant of attach-

ment having previously become void, the appellant's failure to obey the order could not have defeated, impaired, impeded, or prejudiced a right or remedy of the plaintiff in this action, and the county judge was without jurisdiction, and without proof of the facts essential to justify the making of the order appealed from. Code Civ. Proc. §§ 14, 2266, 2281, 2283; Coal Co. v. Hecksher, 42 Hun, 534; Boon v. McGucken, 67 Hun, 251–259, 22 N. Y. Supp. 424, and cases cited.

The order appealed from should be reversed, with $10 costs and disbursements. All concur.