(37 Misc. Rep. 425.)

## MARTIN v. SMITH.

(Supreme Court, Special Term, New York County. March, 1902.)

ATTACHMENT—SERVICE OF SUMMONS.

> Under Code Civ. Proc. § 638, requiring summons in attachment to be personally served within 30 days after the issuing of the attachment, or else within such time service of summons by publication must be commenced or service had without the state under an order obtained therefor, an attachment will be vacated where service of summons made without the state has been set aside, and an appeal has been taken therefrom, and no stay granted.

Action by John F. Martin against John Smith. Motion to vacate a judgment granted.

Wolf, Kohn & Ullman, for the motion.

A. C. Butts, opposed.

GILDERSLEEVE, J.    The motion is to vacate an attachment. The Code requires the summons to be served within 30 days after the issuing of the attachment, either personally within the state or "else, before the expiration of the same time, service of the summons by publication must be commenced, or service thereof must be made without the state pursuant to an order obtained therefor." Section 638.   In the case at bar the summons was served without the state, pursuant to an order of this court, within the 30 days. Subsequently this order was vacated, and the service set aside.   From this order plaintiff has appealed, and the appeal is now pending before the appellate division.   Since the said service was so set aside, the 30 days have expired without any other service of the summons.   No stay of any sort pending the appeal from the order setting aside the service of the summons appears to have been granted, and, as matters now stand, there has been no valid service of the summons in this action, while, as we have seen, more than 30 days have elapsed since the granting of the attachment.   Defendant now moves to set aside the attachment on that ground.   It is well settled that a failure to comply with the above-quoted provisions of section 638 of the Code is fatal to the attachment.   See Blossom v. Estes, 84 N. Y. 614; Kieley v. Manufacturing Co., 147 N. Y. 622, 42 N. E. 260.   This motion must, therefore, be granted, but, under the circumstances, without costs.

Motion granted, without costs.