### JONES v. FUCHS et al.

(Supreme Court, Appellate Division, Second Department.   June 9, 1905.)

ATTACHMENT—STATUTES—WARRANT—SERVICE.

> Code Civ. Proc. § 638, provides that, in attachment, service of the summons by publication must be commenced within 30 days after the granting of the warrant.   *Held* that, where publication of service was not commenced within the required time, the court had no authority to extend its jurisdiction by an order extending the time.

Appeal from Special Term, Kings County.

Action by William G. Jones against Frederick Waldemar Fuchs and others.   From a judgment vacating a writ of attachment granted against the property of defendant Alexander Henry Davis, plaintiff appeals.   Affirmed.

Argued before BARTLETT, WOODWARD, RICH, and MILLER, JJ.

Horace Graves, for appellant.
Godfrey Goldmark, for respondents.

WOODWARD, J. Two warrants of attachment have been issued against the property of defendant Davis. The first of these was obtained on the 24th day of August, 1904, and was vacated because the plaintiff failed to produce an adequate surety. It likewise appears that there was some question about the proper service of the papers under an order, but this is not material to the determination of this appeal. A second attachment was procured on the 2d day of December, 1904, but no service or order of publication was procured up to January 3, 1905, on which date an order was entered extending the time to serve the summons 20 days, and on the 23d day of January, 1905, publication was begun and continued the required time. At Special Term the warrant of attachment has been set aside, and the plaintiff appeals.

Gaining jurisdiction by attachment is strictly a statutory proceeding, and the rule is well settled that the statute must be followed in detail. Section 638 of the Code of Civil Procedure provides that the warrant may be granted by a judge of the court, or by any county judge, to accompany the summons, or at any time after the commencement of the action and before final judgment therein; but it provides that "personal service of the summons must be made upon the defendant, against whose property the warrant is granted, within thirty days after the granting thereof; or else, before the expiration of the same time, service of the summons by publication must be commenced, or service thereof must be made without the state, pursuant to an order obtained therefor, as prescribed in this act; and if publication has been, or is thereafter commenced, the service must be made complete, by the continuance thereof." The service of the summons was attempted to be made by publication, and such publication should have been commenced within 30 days from the 2d day of December, 1904, or not later than the 1st day of January, 1905. The 1st day of January, 1905, fell on Sunday; Monday became the legal holiday, under the provisions of the statutory construction law; and on Tuesday, the 3d day of January, an order was entered extending the time to serve the summons 20 days, and on the 23d day of January, 20 days from the third day of that month, the publication was commenced. If the appellant is right in his contention, then the provision of section 638 of the Code of Civil Procedure that "personal service of the summons must be made upon the defendant, * * * within thirty days after the granting thereof; or else, before the expiration of the same time, service of the summons by publication must be commenced," is a nullity. The court, which gains jurisdiction only when the moving party has complied with the provisions of the law, may gain jurisdiction by an order in an action where it has no jurisdiction, beyond the statutory jurisdiction, during a period of 30 days gained by reason of the warrant of attachment. This is not a general jurisdiction; it is a preliminary jurisdiction, which is at an end at the expiration of 30 days from the granting of the warrant, and the court is without power to extend the time. Blossom v. Estes, 84 N. Y. 614, 617; Bernheimer v. Ricketts, 91 N. Y. 668, 669; Kieley v. Manufacturing Co., 147 N. Y. 620, 622, 42 N.

E. 260. In the Blossom Case, supra, the court, in considering apparently conflicting sections of the Code, say:

"The sections may be read together and both stand. They are satisfied by a construction which treats the action as existing for the purpose of supporting the attachment during the time specified, liable to be continued upon defined terms, but ending by lapse of time if those terms are not complied with, and therefore incapable of supporting any further proceedings."

The plaintiff, by neglecting to act within the 30 days, permitted the court to lose jurisdiction, and that jurisdiction could not be revived by the court. See Taylor v. Troncoso, 76 N. Y. 599.

The order appealed from should be affirmed, with costs.

Order affirmed, with $10 costs and disbursements. All concur.