GEORGE F. McCOY, Plaintiff, *v.* ERIE FORGE AND STEEL COMPANY and ERIE FORGE Co., Defendants.

Supreme Court, New York Special Term, February, 1922.

*Process — service of summons on corporation without the state — immaterial errors in order disregarded — sufficient service on director — proper affidavit — failure to make service within time required by Practice Act — vacating attachment.*

MOTION to vacate the service of the summons made on the defendant corporation, Erie Forge Company, without the state, pursuant to an order, and to vacate and set aside a warrant of attachment and all proceedings had thereunder.

*G. H. Brevillier,* appearing specially for defendants.

*George H. D. Foster,* for plaintiff.

GIEGERICH, J. I think the provisions of the order of November 28, 1921, so far as it permits, at the option of the plaintiff, service of the summons personally, without the state, upon the defendant Erie Forge Company, in the manner specified in section 229 of the Civil Practice Act, should be disregarded pursuant to the provisions of section 105 of the said act, because such direction is plainly an error. The provisions of the said section 229 apply only to the personal service of the summons upon a foreign corporation within this state. As I read the provisions of the Civil Practice Act and the Rules of Civil Practice relative to the personal service of the summons upon such a corporation without the state it is not necessary to designate in the order the particular officer or director upon whom service should be made. Such a direction was not required under the practice which obtained under the Code of Civil Procedure, and substantial compliance with the requirements of such provisions was all that was required. *Morrison v. National Rubber Co.,* 13 Civ. Pro. Rep. 233. Even if section 229 of the Civil Practice Act does apply to the personal service of the summons upon a foreign corporation without the state, the amended

or new affidavit of service of the sheriff of the county of Erie, state of Pennsylvania, shows that due and diligent effort was made to serve an officer before service was made upon a director, who it appears was also assistant to the president and managing agent of the defendant Erie Forge Company. The service of the summons personally upon the last named defendant without the state in lieu of publication and deposit of the summons in the post office is expressly authorized by section 233 of the said act, and to my mind the service so made is sufficient to confer jurisdiction within the purview of the provisions of the Civil Practice Act and the Rules of Civil Practice. I am of the further opinion that the said affidavit of service sufficiently complies with subdivision 6 of rule 54 of the Rules of Civil Practice, and that it is properly authenticated by the certificate of the proper official showing that the person before whom the affidavit was sworn to was qualified to act at the time of administering the oath as required by the said subdivision, and section 359 of the Civil Practice Act and section 299 of the Real Property Law. It is undisputed that the defendant Erie Forge and Steel Company was not served with the summons personally or by publication within the time required by section 905 of the Civil Practice Act. The warrant of attachment has therefore become a nullity so far as that defendant is concerned, and it is entitled to an order vacating the attachment as against it. *Blossom* v. *Estes*, 84 N. Y. 614; *Martin* v. *Smith*, 37 Misc. Rep. 425; *Jones* v. *Fuchs*, 106 App. Div. 260. For the reasons above stated the motion should be granted to the extent of vacating the warrant of attachment as against the said defendant Erie Forge and Steel Company, but in all other respects denied, without costs. Settle order on notice.

Ordered accordingly.