BRONISLAW RZESZOTARSKI, Plaintiff, *v.* CO-OPERATIVE ASSOCIATION KASA POLSKA, Defendant.*

Supreme Court, New York County, January 10, 1931.

* See, also, *Simons* v. *Aluminum Company of America* (232 App. Div. ——).

*Boskey, Schiller, Marvin & Serling* [*Charles C. Pearce* of counsel], for the plaintiff.

*Shearman & Sterling*, for National City Bank of New York.

COLLINS, J.   The National City Bank of New York applies to vacate an order granted by Special Term, Part II, at the behest of the plaintiff, which requires the bank to appear for further examination and to produce certain records in connection with a warrant of attachment served upon it, and concerning which the bank has made a return of non-indebtedness.   The bank first protested that it had already been fully examined and that further examination would subject it to undue harassment.   Furthermore, that an inspection of the bank's records, which the plaintiff sought, would permit the plaintiff to roam at large and without limit through its indices covering deposit accounts in its former Russian branches. The bank has supplemented these objections by challenging the validity of the entire attachment proceeding on the ground that this court is without jurisdiction over the parties or subject-matter, in that both the plaintiff and the defendant were non-residents of this State at the time of the commencement of this action, and that the plaintiff has not come within sections 224 or 225 of the General Corporation Law (as renum. by Laws of 1929, chap. 650), which prescribe the conditions whereunder New York courts will assume jurisdiction in actions where both parties are non-residents of the State.   After considerable deliberation, I have reluctantly reached the conclusion that the challenge to the jurisdiction must be sustained.

The affidavit in support of the attachment made by one of plaintiff's attorneys reveals that the defendant is a Russian corporation with a principal place of business and office located at the time of the making of the contract sued on in Petrograd, Russia.   Neither that affidavit nor the complaint discloses the residence of the plaintiff, but other papers on file herein exhibit the plaintiff's residence as that of Warsaw, Poland.   We have then a resident of Poland suing a Russian corporation, neither authorized to do business, nor doing business in this State.   The action is brought to

recover the sum of $4,290, the exchange value in United States currency of 33,000 Romanoff Czar rubles as of the date of the discontinuance of defendant's business at Petrograd, Russia, and as of the date the plaintiff claims his ruble account became unavailable to him.

The complaint avers that these rubles were deposited with the defendant in Petrograd, Russia, during January and February of 1918, at which time the defendant appropriately credited his account therewith and issued to him a pass book evidencing the receipt of the rubles; that the defendant "undertook and agreed to maintain said deposit account unimpaired until duly withdrawn and disposed of;" that in September, 1918, "the defendant wrongfully breached the agreement * * * by wholly discontinuing and abandoning the operation of its said Petrograd office and business without plaintiff's permission and ceased to do business in the said City of Petrograd, and it thereupon became impossible for the plaintiff to demand or receive from the defendant, at the said City of Petrograd or elsewhere, any part of said sum of rubles, and said defendant has since continuously neglected and failed to maintain said Petrograd office and business and to preserve said deposit account unimpaired, as agreed." The allegation is then made that the defendant thereby "wrongfully and unlawfully breached its contractual obligations to the plaintiff * * * to the plaintiff's injury and damage in the sum of $4290.00."

Obviously, the action is brought to recover damages for breach of a contract made in Russia and relating to property situated in Russia "at the time of the making thereof." The breach, too, occurred in Russia.

Section 224 of the General Corporation Law permits an action to be maintained against a foreign corporation by a resident of this State or by a domestic corporation. As the plaintiff is neither a resident of the State nor a domestic corporation, section 224 does not aid him.

Under section 225 of the General Corporation Law: "An action against a foreign corporation may be maintained by another foreign corporation, or by a non-resident, in one of the following cases only:

" 1. Where the action is brought to recover damages for the breach of a contract made within the state, or relating to property situated within the state, at the time of the making thereof.

" 2. Where it is brought to recover real property situated within the state, or a chattel, which is replevied within the state.

" 3. Where the cause of action arose within the state, except where the object of the action is to affect the title to real property situated without the state.

" 4. Where a foreign corporation is doing business within this state."

Subdivisions 2 and 3 are manifestly inapplicable. Subdivision 4 does not cover the present case because the defendant is not doing business within this State. There remains subdivision 1, which does not apply because, as already observed, the action is not to recover damages for the breach of a contract made within the State, nor does it relate to property situated within the State " at the time of the making thereof."

The plaintiff's insistence that the action relates to property situated within the State, because of its claim that the defendant deposited the plaintiff's rubles in the Petrograd branch of the National City Bank of New York, ignores the fundamental fact that there was no relation between the plaintiff and the bank. The contract was between the plaintiff and the defendant. Not only was the National City Bank not a party to the agreement made in Russia concerning rubles then located in Russia, but the bank is not a party to this action. The plaintiff employed the defendant, not the bank. The latter assumed no obligation towards the plaintiff. The grievance is against the defendant, not the bank. The action is grounded upon an alleged breach by the defendant. The subject-matter of the contract was rubles located in Russia.

In contract actions, as distinguished from tort actions, the court is without discretion as to assuming jurisdiction unless the plaintiff comes within the provisions of sections 224 and 225 of the General Corporation Law. (*Panstwowe Zaklady Graviozne* v. *Automobile Insurance Company of Hartford*, [D. C.] 36 F. [2d] 504.)

In *People* v. *St. Nicholas Bank* (44 App. Div. 313, 315) it is said: "And where the claim is against a foreign corporation, and in favor of another foreign corporation, a cause of action for the breach of a contract does not exist, unless the circumstances are such as to bring it within section 1780 of the Code referred to. It follows, therefore, that before jurisdiction can be acquired to issue a warrant of attachment against the property of a foreign corporation, at the instance of a foreign corporation or a non-resident, it must be first made to appear by affidavit that a cause of action exists in favor of the plaintiff for a breach of a contract ' made within the state or relating to property situated within the state at the time of the making thereof.' * * *

" It is, therefore, seen that the affidavit in and of itself did not show that a cause of action existed in favor of the plaintiff against the defendant. It fails to state the material facts required by the statute, namely, that the contract for the breach of which damages were claimed was made within this State, or related to property

situated within this State at the time of the making thereof. The plaintiff was bound to allege and prove the existence of these facts in order to maintain an action against the defendant, and to entitle him to obtain a warrant of attachment, he was bound to establish the same by affidavit. The court could acquire jurisdiction to issue a warrant of attachment against the property of the defendant, a foreign corporation, in no other way. It has been held that, owing to the harshness of the remedy by attachment, the section of the Code referred to should be construed in accordance with the general rule applicable to statutes in derogation of the common law, strictly in favor of those against whom the warrant may be employed. (*Penoyar* v. *Kelsey*, 150 N. Y. 80.)"

In *Fisher* v. *Nash* (47 App. Div. 234, 236) a third party ordered to appear for examination, in proceedings relating to property sought to be attached, was adjudged in contempt. The third party attacked the regularity of the attachment proceedings on the ground that the summons had not been personally served and that no order had been obtained for its service by publication. On appeal it was held that, " when the jurisdiction of the court was thus challenged, it was incumbent on the plaintiff to show compliance with this section of the Code." Further: " The examination of a third party, authorized by section 651 of the Code of Civil Procedure, is in aid of the attachment, and it is essential to the validity of the order that there be a valid existing warrant of attachment outstanding in the case. The warrant of attachment having previously become void, the appellant's failure to obey the order could not have defeated, impaired, impeded, or prejudiced a right or remedy of the plaintiff in this action, and the county judge was without jurisdiction, and without proof of the facts essential to justify the making of the order appealed from. (Code Civ. Proc. §§ 14, 2266, 2281, 2283; *Fall Brook Coal Co.* v. *Hecksher*, 42 Hun, 534; *Boon* v. *McGucken*, 67 id. 251, 259, and cases cited.) "

As the plaintiff has not shown the existence of a cause of action for breach of a contract, maintainable in this State, pursuant to sections 902 and 903 of the Civil Practice Act, the warrant of attachment is fatally defective and all proceedings thereunder are likewise defective and must fall.

Consequently, the motion of the National City Bank of New York is granted. Settle order.