Moore, Executor, agt. Thayer, Administrator.

## SUPREME COURT.

Moore, Executor, &c. agt. Thayer, Public Administrator, &c. Administrator of Duncan McEwing.

The *service* of a summons by publication is not effected until the expiration of the time for publication.

By § 127 of the Code, civil actions are commenced "by the service of a summons." But where an attachment has been issued, and no summons served, the court, by § 139, have jurisdiction and control of the proceedings for the purpose of reviving and continuing the action in the name of the representative of a deceased party.

*New York General Term, Dec.* 1850—Edmonds, Edwards, and Mitchell, *Justices.* This was a case where an attachment had been issued against the property of the defendant McEwing, and his property taken under it. Before the expiration of the time prescribed by the order for publication of the service of summons against McEwing, he died, to wit, on the 4th of July 1850. And on the 29th of July 1850, an order was granted, *ex parte*, at special term, on application of the plaintiff, reviving the action in the name of the public administrator. On the 26th October 1850, this order of revival was set aside by the special term, on application of the defendant. From this last order an appeal was taken to the general term.

McCann & Moncrief, *for Plaintiff*.

Wm. G. Sterling, *for Defendant*.

By the Court, Edwards, Justice.—The ground upon which this motion was decided at the special term was, that the summons

Moore, Executor, agt. Thayer, Administrator.

had not been served at the time of the decease of the defendant Duncan McEwing, Jr. We concur in the opinion which was expressed upon the *decision* of the motion, that, as a general rule, a suit is not commenced where the service of the summons is by publication, until the expiration of the time for publication prescribed by the Code. But in addition to the provision contained in § 127 of the Code, as to the commencement of civil actions, it is also provided in § 139, that from the time of the allowance of a provisional remedy in a civil action, the court shall be deemed to have acquired jurisdiction, and to have control of all subsequent proceedings.

In this case an attachment, which is one of the provisional remedies mentioned in the Code, had been issued against the property of the defendant McEwing, and his property had been taken under it before his decease. It seems, then, that although there had not been a service of the summons within the meaning of the Code, still the plaintiff had acquired a provisional lien upon the defendant's property, which would become complete, to the amount of his judgment, provided he recovered a judgment in the action.

We think that this was a right which should be preserved, and which the Code, in the section above cited, intended to preserve; and although the summons had not been served, still the court had acquired sufficient jurisdiction to enable it to put the suit in such a condition that the plaintiff could enforce his provisional lien; and it has sufficient control of the action to substitute the personal representative of the deceased in his place, as a party defendant, in order that the summons may be duly served.

We think that the order made at the special term should be reversed, but without costs. (*a*)

(*a*) EDMONDS, Justice, did not hear this argument and took no part in the decision.