THE PEOPLE, ex rel. EDWARD NEWCOMB, as Receiver, etc., Respondent, *v.* JOHN A. McCALL, as Superintendent, etc., Appellant.

The provision of the act of 1883 "in relation to the receivers of corporations" (§ 2, chap. 378, Laws of 1883), which fixes the compensation of such receivers, is prospective in its operation, and does not apply to receivers who had been appointed and had entered upon the discharge of their duties before the passage of the act.

Accordingly *held*, that a receiver of a life insurance company, appointed under the act of 1869 (Chap. 902, Laws of 1869), and who entered upon the performance of his duties prior to 1883, was entitled to have his compensation fixed by the superintendent of the insurance department, as provided by said act (§ 13); and that he was entitled to a *mandamus* to compel the superintendent to so fix his commissions.

(Argued January 29, 1884; decided February 5, 1884.)

APPEAL from order of the General Term of the Supreme Court, in the third judicial department, made September 29, 1883, which affirmed an order of Special Term, commanding that a writ of peremptory *mandamus* issue, directed to John A. McCall, Jr., as superintendent of the insurance department of the State of New York, requiring him to fix the compensation of Edward Newcomb, as receiver of the Atlantic Mutual Life Insurance Company.

The facts are sufficiently stated in the opinion.

*D. O'Brien*, attorney-general, for appellant.    A statute ought to receive such construction as will best answer the intention of the makers.    The title of an act of the legislature in this State is proper to be considered as bearing upon the meaning and purpose of the act.   (*People, ex rel. Cook*, v. *Wood*, 71 N. Y. 371; *Tonnele* v. *Hall*, 4 id. 140; *People, ex rel.* v. *Supervisors*, 70 id. 236; *People* v. *Supervisors*, 43 id. 132; *People, ex rel.* v. *Clute*, 50 id. 457; Assembly Document, 1882, No. 121, p. 10; Senate Document, 1883, No. 38.) The act of 1883 (Chap. 378) may apply, without objection, to pending cases, and to all cases where the fees had not become the property of the receiver at the time of its passage; such is the present case.   (*Attorney-General* v. *N. A.*, 89 N. Y. 103; 80 id. 95; McClellan's Surr. Pr. 617, 618; *Wheelwright* v. *Wheelwright*, 2 Redf. 501, 503; *Wheelwright* v. *Rhoades*, 28 Hun, 59, 60; *Bank* v. *Wiloughby*, 1 Sandf. S. C. 169; *Porter* v. *Cobb*, 25 Hun, 185; *Supervisors* v. *Briggs*, 3 Denio, 173; *McMaster* v. *Vernon*, 4 Duer, 626; *Rich* v. *Husson*, 1 id. 618, 619; *Salter* v. *R. R. Co.*, 86 N. Y. 401; *Bank* v. *Bank*, 89 id. 412; *Morse* v. *Gould*, 1 Kern. 282; *Connor* v. *Mayor*, 2 Sandf. S. C. 355; 5 N. Y. 285; *Phillips* v. *Mayor*, etc., 4 Hilt. 183; *People* v. *Burroughs*, 27 Barb. 89; *People* v. *Roper*, 35 N. Y. 629; *Butler* v. *Palmer*, 1 Hill, 224; Cooley on Const. Lim. 284; *In re Election of Trustees*, 23 Hun, 615; *Penniman's Case*, 103 U. S. 714; *Morse* v. *Goold*, 11 N. Y. 281.)   The objection that the act of 1869 was a special act, and was not affected by the passage of a general

1884.]      PEOPLE, ex rel. NEWCOMB, v. McCALL.      589

Opinion of the Court, per EARL, J.

law, is not tenable. (*Smith* v. *People*, 47 N. Y. 330; *Matter of Trustees*, 23 Hun, 615.)

*Nathaniel C. Moak* for respondent. Under the general rules of construction, the act of 1883 (Chap. 378) should not be so construed as to have a retrospective effect. (*Matter of Security Life*, 18 Weekly Dig. 154; *Bank of Niagara*, 6 Paige, 217; Code, § 3331; *Woodruff* v. *Imperial, etc.*, 90 N. Y. 521; *Kerrigan* v. *Force*, 68 id. 381, 384.) This receiver having been appointed under a special statute as to a particular class of insurance companies, in which his fees are provided for, a general statute does not affect him. (*McKenna* v. *Edmondstone*, 91 N. Y. 231; *In re Del. & Hudson C. Co.*, 69 id. 209; *In re Comm'rs*, 50 id. 497; *People* v. *Quig*, 59 id. 83.)

EARL, J. The relator was appointed receiver of the Atlantic Mutual Life Insurance Company, in July, 1877, under and in pursuance of chapter 902 of the Laws of 1869. The thirteenth section of that act provides that " the compensation of the receiver under this act shall be fixed by the superintendent of the insurance department, and shall not exceed the sum of five per cent on the amount of the assets of such company, as shall come into his possession." On the 11th day of April, 1883, the legislature passed an act, entitled " An act in relation to receivers of corporations," the second section of which provides as follows: "Every receiver shall be allowed to receive, as compensation for his services as such receiver, five per cent for the first $100,000 actually received and paid out, and two and one-half per cent on all sums received and paid out in excess of the said $100,000." The relator claims that he is entitled to have his compensation as receiver fixed by the superintendent under the first act mentioned; and the superintendent claims that the section cited from the last act controls, and that his compensation is to be determined under that act.

We are of opinion that the last act, so far as it fixes the compensation of receivers, is prospective in its operation, and that

it was not intended to apply to receivers who had been appointed and had entered upon the discharge of their duties before its date. It is a general rule, often reiterated and laid down in reported decisions, that laws should be so construed as to be prospective and not retrospective in their operations, unless they are specially made applicable to past transactions, and to such as are still pending.

Receivers are supposed to earn the compensation provided for them by law, and their commissions are for services rendered, and it is not to be presumed, in the absence of a clear intention expressed in the statute, that the legislature meant to interfere with compensation that had already been earned. All the provisions of the law of 1883 are prospective. The first and third sections flanking section 2 expressly relate to receivers thereafter to be appointed. All the other sections of the statute subsequent to the third apply to future proceedings for conducting and winding up the affairs of the insolvent corporations named. To apply the new rule so as to regulate the compensation of receivers for services already rendered might work injustice ; and while the legislative intention is not free from doubt, we are less unwilling to hold that the new rule is prospective in its operation because no injustice whatever can be done by such a construction, as it leaves the compensation of such receivers to be determined by the superintendent of the insurance department, who is supposed to be familiar with the services rendered, and entirely competent to determine the compensation to be allowed.

For these reasons, without further elaboration, we are satisfied that the compensation of the receiver in this case should be fixed under the statute of 1869.

The order should be affirmed, with costs.

All concur.

Order affirmed.