Sedgwick, Ch. J.
—On the first impression, it would seem that in, such a case the successors or representatives in interest of the deceased plaintiffs are not the executors of their wills, but their heirs or devisees. As no notice was taken of this on the argument, it may be presumed that in some way the executors are tenants in common with the surviving plaintiffs.
In Hasbrouck v. Bruce (62 N. Y. 483), the court of appeals said of a like case that if the defect of parties had existed at the time of the commencement of the action, it would have been waived by the failure to take the objection in the proper form. It does not proceed to say that when the death occurs after issue joined, the objection must be taken by an answer in *380 the nature of a plea in abatement puis darrien continuance. It says that the objection having arisen since the commencement of the action, the only mode in which the defense could set it up was by objecting to the cause proceeding without bringing in the representatives of the deceased parties, and that such an objection should he sustained. It was also said that it was in ■ the power of the court below to allow the defect to be remedied by amendment or supplement.
In my opinion, the remedy of the defect is not to be found in sections 755 to 761. They do not provide for a case where, in substance, the non presence of a party as plaintiff is the ground of the remaining plaintiffs having no cause of action whatever, if the fact be pleaded or stated as an objection to proceeding.
The remedy is analogous to that which may be applied after an answer of a defect of parties. It is to amend the complaint and proceed de novo. It would not be correct to allow such an amendment nuncp>ro tunc, for in substance the amendment makes a new action and the defendant should not be deprived of his right to plead that the substituted parties are not the proper representatives of the deceased plaintiffs.
In the present state of the proceedings it is inex- , pedient, if not inadmissible, to order an amendment which will have the effect of disregarding the proceedings upon the ti ial, and the verdict there directed for the defendant. It is not competent for this general term, on appeal from this order, to deal with the verdict, as can be done when the exceptions are brought on for argument. It cannot now be adjudicated that the defendants are not entitled to judgment upon the verdict.
I, therefore, think that the order below should be reversed, and an order entered denying the motion, with $10 costs to defendants, but without prejudice to a motion for amendment to be made after a determin *381 ation of the exceptions to be argued at general term. The defendants are to have §10 costs of the appeal in this action.