Van Wyck, J.
The facts are so fully set forth in detail in the opinion of the learned trial judge, that we will content ourselves with only a short statement thereof.
The plaintiff brings this action to compel the defendant, a domestic corporation, to recognize his ownership of, and to transfer to him in the usual manner on its books, twenty shares of its capital stock, standing thereon in the name of Luther Dock, which plaintiff purchased from the executrix ■ of Dock. Defendant, on proper demand, refused to make such transfer, on the sole ground that this stock had been attached, viz. : that the sheriff of this county had made a *354 levy thereon, under a warrant of attachment granted January 14, 1885, in an action in this court, in which this defendant, South Brooklyn Saw Mill Company, was the plaintiff, and Luther Dock, whose executrix assigned the stock to plaintiff Barron, was the defendant. It appears that within thirty days from January 14, 1884, after the granting of the attachment, service of the summons by publication was commenced; but that, before service thereof was made complete by the continuance thereof for the period of six weeks, required by the order of publication, the said Dock died, viz., on February 6, 1884.
It is not seriously questioned that the alleged attachment lien would be a good defence to Barron’s demand if the court was not divested of its conditional jurisdiction in the attachment action by the failure to complete the service of the summons therein by a continuance of the publication thereof for the six weeks before the death of Dock.
And whereas defendant’s counsel contends that the court was not divested of its jurisdiction by the death of Dock at that juncture, and cites in support thereof authorities, under the provisions of the Code of Procedure in relation to attachment, an intelligent consideration, of their bearing upon the point involved in this case, demands a chronological examination of the original provisions and the amendments thereto in the enactments of the provisions of the Code of Civil Procedure which control the proceedings in the attachment action in question.
§ 139, Code Pro. (1849). “ From the time of the service of a summons in a civil action, or the allowance of a provisional remedy, this court shall be deemed to have acquired jurisdiction, and to have control of all the subsequent proceedings.”
§ 227, Code Pro. (1849). “ In an action . . . the plaintiff at the time of issuing the summons, or at any time after-wards, may have the property of such defendant attached .... as a security for the satisfaction of such judgment as the plaintiff may recover.”
*355 The case of More v. Thayer, 10 Barb. 258, is relied on to sustain defendant’s position, that the death of a defendant after the granting of an attachment, and the commencement of the publication of the summons, but before the service thereof was completed by a continuance of the publication for the period required in the order of publication does not divest the court of jurisdiction in such action, and docs not destroy the vitality of the attachment.
This decision was made in 1850, while the above provisions of §§ 139 and 227, Code Pro. were in force, and which contain no limitation as to the time when service by publication must be commenced, and completed, and it therefore cannot be invoked to sustain the position, that if such limitations had existed, a non-compliance therewith would not have divested the court of jurisdiction. Thatcher v. Bancroft (15 Abb. Pr. 243), and Burkhardt v. McClellan (15 Abb. Pr. 243, note), were decided in 1862 under the same provisions, and are subject to the same criticism as More v. Thayer (supra).
Acker v. Hautemann, 27 Hun, 48, wras not an attachment but replevin, and controlled by § 1693, Code Civ. Pro. which contains no limitation of time within which the summons shall be served or service shall be completed, and these are the authorities upon which defendant chiefly rests his defense.
§ 227, Code Pro. in 1866, was amended by adding the first limitation of time within which service by publication must be commenced in such cases, and it reads as follows: “ And for the purposes of this section an action shall be deemed commenced when the summons is issued, provided, however, that personal service of such summons shall be made or publication thereof commenced, within thirty days.’’
It is well settled that the vitality of an attachment depended upon compliance with the terms of this proviso, and upon an omission to so comply, the jurisdiction acquired on granting the warrant ceased, and the attach *356 ment abated and became lifeless (Blossom v. Estes, 84 N. Y. 614; Waffle v. Goble, 53 Barb. 517; Taddiken v. Cantrell, 1 Hun, 710).
The case of Kelly v. Countryman, 15 Hun, 97, does not in our opinion assist the Saw Mill Company, for the defendant therein died after, the granting of the attachment, and within thirty days, and it was held by reason of the failure to commence publication within thirty days, though death of defendant had intervened to prevent it, that the attachment must fail, and the suggestion of Justice Landon that if after the death of the defendant, the plaintiff Kelly had revived and served his personal representative within thirty days from the granting of the attachment, that the attachment could be upheld, is a mere dictum and not necessary to the decision ; and the South Brooklyn Saw Mill Company, did not, within thirty days after the granting of attachment, revive and serve the personal representative of Dock, though the period had more than expired on July, 1884, when Barron (plaintiff) made his demand on the said Mill Company ; and, again, the requirement, that the service once commenced by publication must be made complete by a continuance thereof for the period fixed by order of publication, was not in force at that time, and could in no way be passed upon in that case.
It is decided in Gere v. Gundlach, 57 Barb. 13, and Simpson v. Burch, 4 Hun, 715, that a non-compliance with this proviso that publication must be commenced in thirty days is a mere irregularity, and that a third person cannot take advantage of it. Blossom v. Estes (supra), expressly holds it is jurisdictional, and not a mero irregularity; and Barron is not a third person, for he succeeds to all the rights of Dock.
Section 416, Code Civ. Pro. (1877). “A civil action is commenced by the service of a summons. But from the time of the granting of a provisional remedy, the court acquires jurisdiction and has control of all the subsequent proceedings; nevertheless, jurisdiction thus acquired is con *357 ditional and liable to be divested in a case where the jurisdiction of the court is made dependent, by a special provision of law, upon some act, to be done after the granting of the provisional remedy.”
Section 638, Code Civ. Pro. (1877). “ The warrant (of attachment) may be granted ... to accompany the summons. . . . Personal service of the summons must be made upon the defendant, against whose property the warrant is granted, within thirty days after the granting thereof; or else, before the expiration of the same time, service of the summons by publication must be commenced . . . and must be made complete by the continuance thereof.”
These sections control the attachment now in question, ar.d it is expressly provided therein that the jurisdiction thus acquired by the granting of this provisional remedy' is conditional only7, and liable to he divestedand it has been held that a failure to commence service by publication within thirty days, required in section 638, abated the attachment (Taylor v. Troncoso, 76 N. Y. 599; Mojarrieta v. Saenz, 80 N. Y. 547 ; and see the authorities cited).
It is provided in section G38,1st, that service by publication must be commenced within thirty days; and 2d, when once commenced that service must be completed by7 a continuance .of the publication for the period required by7 the order of publication. It is settled beyond all dispute that a non-compliance with the first part of this condition is jurisdictional, and is fatal to the attachment lien ; and we arc of the opinion that a failure to comply with the second part of the condition is equally, fatal to the validity..of .the attachment, and no reason lias been suggested to the contrary, except, •perhaps, that where the failure has been caused by the death of the .defendant, and without fault of the plaintiff, it worked an injustice ; and to this suggestion we can only say we must administer the law as it exists, and not-as it ¡should exist. "The injustice is only apparent and not reaij for on the death of the defendant Dock, his assets vested in his *358 executrix, charged with tlm payment of all his debts, including any that might exist in favor of the said Mill Company. Though his assets may not bo sufficient to pay all his creditors in full, yet courts are never so eager to assist one creditor to secure a claim in full at the cost of the others, as to overrule an express provision of a statute.
The other questions raised by appellant were properly decided below, and we are of the opinion that the judgment should be affirmed with costs.*
Reynolds, J., concurred.

 An appeal was taken by the defendant from this decision, but afterwards abandoned.