MARY · FISKE PAGET, Appellant, v. SARAH . THERESA PEASE et al., Respondents.

*Supreme Court, First Department, General Term, July 9, 1889.*

1. *Abatement and revival. Effect.*—Where, in an action brought by the surviving trustee and his *cestui qui trust,* an order to serve the summons by publication was obtained, but, before the service was completed the trustee died, the effect of his death was to make the further publication of the summons inoperative ; and the *cestui qui trust* cannot go on with the action, just as though her trustee had never been associated with her as a co-plaintiff, and without taking any steps to have his successor in interest made a party to the suit.

2. *Same. Succession.*—Whatever right of action belonged to the trustee, passed, on his death, not to the *cestui qui trust,* but to his successor in the trust ; and in such case, sections 758 and 759 of the Code do not apply.

3. *Same. Procedure.*—Under such circumstances, the proper course is to continue the suit, after the appointment of a new trustee, by means of an amended complaint, in analogy to the practice which prevailed in the court of chancery.

Appeal from an order, adjudging an order of publication

herein to have ceased to be operative after the death of the appellant's former co-plaintiff, before the service of the summons by publication was complete.

*Delano C. Calvin*, for appellant.

*John S. Melcher*, for respondents.

BARTLETT, J.—This litigation grows out of certain transactions in reference to the estate of the late Paran Stevens, deceased. The complaint itself does not appear in the appeal papers, and the statement of its contents which they furnish is not as full as could be desired. From that statement, however, we gather the following facts. The plaintiff, Mary Fiske Paget, is the married daughter of Mr. Stevens. By his will, he appears to have left a legacy of $1,000,000, to be applied for the benefit of his widow, Marietta R. Stevens, in which legacy Mrs. Paget has a reversionary interest expectant upon the death of her mother.

Prior to her marriage Mrs. Paget, then Miss Stevens, executed a marriage settlement, whereby she conveyed to trustees her reversionary interest in this $1,000,000 legacy. Since that time there have been various transactions between the executors of the Stevens estate, Mrs. Stevens and the trustees of Mrs. Stevens, which as we understand the statement of the complaint, are believed by Mrs. Paget to have injuriously affected her reversionary interest in the legacy to her mother. Among other things, she complains of a judgment which was rendered in a suit brought for the construction of her father's will, and denounces such judgment as fraudulent and collusive. She also attacks an agreement, whereby certain real estate was transferred to Mrs. Stevens at a specified valuation in satisfaction of the legacy which has been mentioned.

The purpose of the present action is to set aside the judg-

ment construing the will, annul the agreement and enforce the payment of the legacy in cash, the claim to this relief apparently being based on the ground that the judgment and agreement have decreased, or will operate to decrease, the reversionary share of the plaintiff, Mary Fiske Paget, conveyed, as already stated, to trustees under her ante-nuptial settlement.

When this action was begun, the surviving trustee under the settlement, Alfred Henry Paget, was a co-plaintiff with Mary Fiske Paget. It was necessary to serve the respondents, who are non-resident defendants, by publication; and after such service had been commenced, but before it was completed, the plaintiff, Alfred Henry Paget, died. Thereupon the respondent, through an attorney who appeared for the purposes of the motion only, moved at special term to set aside the service of the summons, and the court made the order which is now before us for review.

There is no suggestion that the cause of action itself has not survived to some one, but the question is whether the surviving plaintiff can go on with it, just as if her trustee had never been associated with her as a co-plaintiff, and without taking any steps to have his successor in interest made a party to the suit. The contingency here presented is not provided for either in section 758 or section 759 of the Code of Civil Procedure.

Those sections relate to cases in which the cause of action in whole or in part, survives to the surviving plaintiff or plaintiffs. But in the case at bar the plaintiffs must have sued in different rights—the one on account of her beneficial interest, the other as trustee—and whatever right of action belonged to the deceased plaintiff, Alfred Henry Paget, as the appellant's trustee, passed on his death, not to the plaintiff, but to his successor in the trust. Therefore sections 758 and 759 have no application. Under the circumstances disclosed by this record, the proper course seems to be to continue the suit, after the appointment of a new

trustee under the marriage settlement, by means of an amended complaint in analogy to the practice which prevailed in the court of chancery. Story's Equity Pleading, § 364; Doherty v. Matsell, 17 Abb. N. C. 377.

But the appellant argues that Alfred Henry Paget was not a necessary plaintiff, and that she might have brought the suit alone and made him a defendant under section 447 of the Code. If the complaint had been set out in full in the appeal papers, we should not be left in the dark, as we now are, as to the precise position assumed by each of the plaintiffs herein. But in such light as the affidavits afford, it would seem that the deceased trustee was more important as a plaintiff than the appellant herself. He held the legal title to her reversionary interest in the million-dollar legacy, and he was the proper person to bring any action necessary for its protection. Western R. R. Co. v. Nolan, 48 N. Y. 513, 518.

Indeed, the case cited expressly holds that where the title to a fund is in trustees, " neither the cestuis qui trust nor the beneficiaries can maintain an action in relation to it, as against third parties, except in case the trustees refuse to perform their duties in that respect, and then the trustees should be brought before the court as parties defendant ; " and the court declares that it is the duty of trustees in whom a fund is vested to maintain and defend it against wrongful attack or injury tending to impair its safety or amount. That Alfred Henry Paget was a proper plaintiff in the present suit is, therefore, clear, and we are not prepared to hold that he was not a necessary plaintiff.

As he represented interests which, when he died, did not devolve upon his co-plaintiff, his death brought the action to a standstill. No jurisdiction over the respondents had yet been obtained, for the service by publication was incomplete. In effect, there had been no service of process upon them at all ; and it seems clear that where the rights of one of two plaintiffs do not survive to the other, the

death of one before the service of process, would make it an idle ceremony to serve the summons subsequently, until there had been a proper amendment.

We agree with the court below that the effect of the death of the appellant's co-plaintiff was to make the further publication of the summons inoperative, and the order properly so declared. It should, therefore, be affirmed, with costs.

VAN BRUNT, Ch. J., concurs ; MACOMBER, J., dissents.