## LUDWIG *v.* BLUM.

*(Supreme Court, General Term, First Department.* February 8, 1892.)

ATTACHMENT—SERVICE WITHIN THIRTY DAYS—OBSTRUCTION BY DEFENDANT.

The requirement of Code Civil Proc. § 638, that a warrant in attachment shall be served within 30 days after the granting thereof, will not be affected by the fact that defendant prevented personal service within that time by remaining in seclusion at an hotel under an assumed name, and committing suicide there; and, the warrant not having been served within the 30 days, the same must be vacated, though Code Civil Proc. § 755, provides that an action shall not abate if the cause of action survive or continue

Appeal from special term, New York county.

Action by Henry Ludwig against Gustav Blum. Defendant died before service of an attachment on him, and his administratrix moved to vacate the same, which motion was granted, and plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and O'BRIEN and PATTERSON, JJ.

*Douglass & Minton,* for appellant. *Campbell & Murphy,* (*Arthur Murphy,* of counsel,) for respondent.

O'BRIEN, J. On June 1, 1891, defendant, Gustav Blum, was indebted to the plaintiff. On June 26th a summons was issued, and an action brought to recover such indebtedness. On June 27th a warrant of attachment was issued herein against said defendant as a non-resident of this state. Five days before, the defendant left his place of business, in the city of New York, after expressing an intention to go to Providence, R. I., to see certain of his creditors. Instead, he went to the Grand Union Hotel in this city, and registered there under an assumed name, and there remained secluded until July 14, 1891, when he committed suicide. It will thus be seen that but 17 days had expired between the time of the issuing of the attachment and the death of the defendant; and, although plaintiff used due diligence to obtain personal service of the summons upon the defendant, it is conceded that the summons was never served on the defendant, and no order for service by publication had been asked for or granted. On August 6, 1891, an order was granted continuing the action against the administratrix, amending the summons accordingly, and on the same day the amended summons and complaint were served upon her. This order was granted *ex parte,* and, subsequent to the service upon Mrs. Blum as administratrix, she moved to vacate the attachment, which was granted, upon the ground that the summons was not served within 30 days from the issuing of the attachment. Section 416 provides: "A civil action is commenced by the service of a summons; but from the time of the granting of a provisional remedy the court acquires jurisdiction, and has control of all the subsequent proceedings. Nevertheless, jurisdiction thus acquired is conditional, and liable to be divested, in a case where the jurisdiction of the court is made dependent, by a special provision of law, upon some act to be done after the granting of the provisional remedy." Section 638 provides: "The warrant of attachment may be granted, * * * to accompany the summons. * * * Personal service of the summons must be made upon the defendant against whose property the warrant is granted within thirty days after the granting thereof, or else, before the expiration of the same time, service of the summons by publication must be commenced, * * * and must be made complete by the continuance thereof." Section 441 provides: "The first publication in each newspaper designated in the order, or the service upon the defendant without the state, must be made within three months after the order is granted. * * *" Section 755 provides: "An action does not abate by any event, if the cause of action survives or continues."

This precise question has been presented in so many cases, it seems to us, it should be regarded as settled. The contention of the appellant, based upon

the distinction that exists in regard to the jurisdiction over the action and jurisdiction to continue the attachment, is not new, having already been presented in the case of *Majarrieta* v. *Saenz*, 80 N. Y. 547, 550, wherein it was in effect decided that the observance of this distinction was neither material nor necessary to determine the question here presented. As therein said: "It is questionable whether the lapse of thirty days, without publication of the summons, ousts the jurisdiction of the court, or abates the action, or merely avoids the attachment. * * *" In *Blossom* v. *Estes*, 84 N. Y. 617, which refers with approval to *Majarrieta* v. *Saenz, supra,* it was held, (the opinion reading as follows:) "The attachment was granted under the Code of Procedure, upon the ground that the defendant was a non-resident. It has been vacated for the reason that a summons was not personally served, or the publication thereof commenced, within thirty days from the issuing of the warrant. * * * As the right to this process was conferred by statute and is limited by its provisions, the plaintiffs must bring the case within its authority, and show that their proceedings conform to it." Without referring to the provision of the Code which requires personal service of the summons to be made, or publication thereof, within 30 days, the opinion continues: "Here is a plain condition on which the vitality of the attachment depended, and it has not been complied with. It was good when issued, but remained so for thirty days only, unless within that time one or the other of the two steps was taken. The plaintiffs, however, neither served the summons personally nor by publication. At the end of that time the statutory bar fell, and with it the attachment. The jurisdiction which attached upon allowance of the one ceased, and as to that proceeding it was as if the statute had been repealed." Here the summons was neither served, nor any order of publication made, prior to the death of the defendant, and a distinction is sought to be made between the case just referred to, where the 30 days were allowed to elapse or expire, and the case of the death of a defendant against whom an attachment is issued, within the 30 days. This precise question has also been passed upon in the case of *Barron* v. *Saw-Mill Co.*, 18 Abb. N. C. 352, wherein it was held that the conditional jurisdiction acquired by the levy of a valid attachment upon property of a non-resident defendant in this state, and the due commencement of service of summons by publication, is divested, and the attachment falls, by the death of the defendant before such service is made complete by the continuance of the publication for the required period. This case is particularly instructive, as it contains a chronological examination of the original provisions of the Code, and the amendments thereto since 1849. The appellant insists, however, that the acts of the defendant in preventing personal service upon him, and the exercise of diligence to effect such service, points the distinction between this and other cases. It is, however, clear, by parity of reason, that if, after the commencement of service of summons by publication, the attachment falls by the death of the defendant before such service is made complete, a like result would follow, no matter what diligence was exerted to secure personal service, if the death of the defendant occurred before such personal service was actually effected. In *Paget* v. *Pease*, (Sup.) 6 N. Y. Supp. 386, this general term followed the rule enunciated in *Barron* v. *Saw-Mill Co., supra,* and in the case of *Kohlberg* v. *Blum*,[1] which was an action against the same defendant, the motion to vacate the attachment upon the same ground was granted by the judge at special term. We do not, therefore, consider this an open question, and, finding no facts in this case which in principle should distinguish it from those already referred to, we are of opinion that the order appealed from should be affirmed, with costs and disbursements. All concur.

[1] Not reported.