(14 Misc. Rep. 145.)

## AETNA INS. CO. v. MAYOR, ETC., OF CITY OF NEW YORK.

(Circuit Court, New York County. October, 1895.)

1. TAXATION—INSURANCE COMPANIES—RETROACTIVE EFFECT OF STATUTE.

Act June 15, 1886, § 4 (Laws 1886, p. 967), declaring personal property of insurance companies "shall hereafter be exempt from all assessment of taxation," does not affect the assessments already made for the year 1886, or the taxes to be imposed thereon for that year, notwithstanding the provision of section 6 that the act should take effect immediately.

2. SAME—PAYMENT BY BANK ON STOCK—VOLUNTARY PAYMENT.

Taxes on bank stock owned by a nonresident insurance company being void, the company's personal property being exempt (Act June 15, 1886, § 4), and the tax officers not having acquired jurisdiction of the company, may be recovered by the company, where they were paid by the bank from the dividends on the company's stock, this not being a voluntary payment by the company.

Action by the Aetna Insurance Company against the mayor, etc., of the city of New York, to recover money paid for taxes on bank stock. Judgment for plaintiff.

Richards & Heald (Thomas P. Wickes and Woolsey Carmalt, of counsel), for plaintiff.

Francis M. Scott, Corp. Counsel (George S. Coleman and James M. Ward, of counsel), for defendant.

LAWRENCE, J. This action is brought to recover money paid for taxes imposed on bank stock owned by the plaintiff in the years 1886, 1887, 1888. Three causes of action are stated in the complaint, one for each year. It is alleged that the plaintiff, at the times mentioned in the complaint, was a fire insurance company, duly organized and incorporated under and by virtue of the laws of the state of Connecticut, and doing business in fire insurance in this state, and was at such times the owner and holder of the number of shares of stock of the several banks and banking associations, duly organized under the laws of the United States and of the state of New York, located in the city of New York, set forth in the schedules annexed to the complaint. It is further alleged that, on the days set forth in the complaint, the defendant claimed and pretended that it had duly imposed upon the said respective shares of bank stock, owned by the plaintiff in the said banks, a valid tax for the amount set forth in said schedules; and that the amount of such taxes constituted a valid lien upon said respective shares of stock owned by the plaintiff, and a personal liability against the plaintiff, which the defendant could enforce against the plaintiff; and that, by the laws of the state of New York, the duty was imposed upon each of said banks and its officers to retain so much of any dividend or dividends belonging to the plaintiff as should be necessary to pay the amount of said taxes upon the plaintiff's said shares, until it should be made to appear to such officers that such tax had been paid. It is further averred that, upon such claim and pretense, the defendant illegally and unjustly exacted and collected the alleged taxes upon plaintiff's bank shares, without the knowledge, direction, or consent of the plain-

tiff, and under compulsion, on or about the days and dates set forth in the schedules, which moneys were wrongfully deducted out of the moneys, in possession of each of said banks, belonging to the plaintiff, against its will, and without its consent or knowledge; that the defendant has received and retained the said moneys without the plaintiff's consent, and has refused to pay the same to the plaintiff. It is further averred that the pretended assessment and levy and collection of each of said taxes was illegal and void, and without jurisdiction, and in violation of the plaintiff's rights, because said bank shares were, by the laws of the United States and by the laws of the state of New York, exempt from taxation, and that the plaintiff was specially exempt from taxation on its bank shares by virtue of chapter 679 of the Laws of 1886 of this state. All the allegations in respect to the illegality of the taxes and their collection, and as to the want of knowledge on the part of plaintiff, and as to the compulsion or coercion in respect to such collection, are denied; and it is further alleged in the defendant's answer that the plaintiff neglected to take any steps to review, correct, or vacate any of the assessments, or to prevent the collection of the taxes levied thereon, and that the taxes were paid voluntarily, without force or duress, and that, if paid under any mistake, the mistake was of law, and not of fact. The claim of the plaintiff to exemption of taxation on the trial was based solely on the act of 1886.

Section 4 of that act reads as follows:

"The lands and real estate of such insurance companies shall continue to be assessed and taxed where situated for state, city, town, county, village, school or other local purposes; but the personal property, franchise and business of all insurance companies incorporated under the laws of this state or any other state or country, and doing business in this state, and the shares of stock of said companies, shall hereafter be exempt from all assessment or taxation except as in this act prescribed; provided that this section shall not affect the fire department tax of two per cent now required to be paid."

The act was passed on the 15th of June, 1886 (Laws 1886, p. 967). I do not think that the act can be held to affect the assessments which had already been made in the city and county of New York for that year. The taxable status of property is determined by its condition on the second Monday of January of each year; and it has been held that where there has been a transfer of title intermediate that time and the 30th day of April, the time of the closing of the books of annual record, the property is not entitled to exemption, although it would have been entitled to such exemption if the transfer had taken place prior to the opening of the books. Sisters of the Poor of St. Francis v. Mayor, etc., of New York, 51 Hun, 355, 3 N. Y. Supp. 433, affirmed 112 N. Y. 677, 20 N. E. 417, on opinion of general term. See, also, Association for Benefit of Colored Orphans v. Mayor, etc., of New York, 104 N. Y. 581, 12 N. E. 279.

It is claimed, however, that, as the act was to take effect immediately (section 6), the tax imposed for 1886 could not be legally levied or collected. But it must be borne in mind that the fourth section of the act of 1886 declares that the property, franchise, and

business, and the shares of stock of such companies, shall "hereafter be exempt from all assessment or taxation except as in this act prescribed." The language of the act refers to a time subsequent to its passage, and it must be presumed that the legislature knew that, at the time of its passage, the status of all property liable to taxation in the city and county of New York had become fixed by the closing of the books of the commissioners of taxes and assessments on the preceding 30th day of April. People v. Commissioners of Taxes, 142 N. Y. 351, 37 N. E. 116, remarks of Gray, J. There is nothing in the act which indicates that the legislature intended to change and upset all that had been done by the assessing officers in the city of New York in respect to taxable property of fire insurance companies in that year. Applying to the construction of the statute, therefore, the well-settled rule that a statute is not to be deemed retroactive in its effect unless it clearly appears that it was the intention of the legislature that it should relate to past transactions, it must be held that it was not the intention in this case that all previous assessments made upon the property of fire insurance companies in accordance with the existing law for the year 1886, and the taxes to be imposed thereon for that year, should be vacated and annulled. Reid v. City of New York, 68 Hun, 113, 22 N. Y. Supp. 623; People v. McCall, 94 N. Y. 590; People v. Commissioners of Taxes, 91 N. Y. 593. The case of People v. Commissioners of Taxes, 17 Abb. N. C. 377 (note), is not in conflict with this view, for the reason that the language of the act then under consideration was that "no tax or assessment shall, after the passage of this act, be levied, assessed or collected," etc. This language was imperative, and indicated a legislative intent to immediately prevent the levying or collection of any tax upon the lands referred to in the act. I am strengthened in my conviction that the act of 1886 was not intended to apply to cases in which the assessment for taxation had been made prior to the passage of the act by the decision of the court of appeals in the case of People v. Commissioners of Taxes, 91 N. Y. 593. In that case the statute under consideration (chapter 542, Laws 1880) provided that the capital stock and personal property of certain corporations, joint-stock companies, and associations should thereafter be exempt from taxation except as provided in the act. The act was passed June 1, 1880, and it was provided that it should take effect immediately. It was claimed that no tax for the year 1880 other than in the act specified could be imposed. The court held, however, that, as the act contained no provision giving it a retroactive effect, it imposed no duty upon the commissioners of taxes and assessments as far as the taxes for that year were concerned.

These views lead to the conclusion that the defendant is entitled to have a verdict directed in its favor in respect to the cause of action relating to the taxes for the year 1886. The proper disposition to be made of the causes of action relating to the taxes of 1887 and 1888 depends upon other considerations. It is clear that under the act of 1886 the plaintiff was not taxable upon its personal property within this state during the years 1887 and 1888. The plaintiff, being a corporation exist-

ing under the laws of a sister state, was not within the jurisdiction of the commissioners of taxes or their deputies at the time the assessments were made upon which the taxes for those years were based, and it therefore results that such taxes were void. National Bank of Chemung v. City of Elmira, 53 N. Y. 49; In re New York Catholic Protectory, 77 N. Y. 343; McLean v. Jephson, 123 N. Y. 142, 25 N. E. 409. The taxes for those years having been illegally imposed, and the assessing and taxing officers having acquired no jurisdiction over the plaintiff, a nonresident corporation, I do not think that it can be claimed that the payments made by the banks were so far voluntary as to preclude the plaintiff from maintaining this action. Bruecher v. Village of Port Chester, 101 N. Y. 240, 4 N. E. 272; Peyser v. Mayor, etc., of New York, 70 N. Y. 497; Strusburgh v. Mayor, etc., of New York, 87 N. Y. 452; Bank of Commonwealth v. Mayor, etc., of New York, 43 N. Y. 184; Horn v. Town of New Lots, 83 N. Y. 100.

The rule which must govern in this case is well stated by Earl, J., in delivering the opinion of the court in Bruecher v. Village of Port Chester, supra. After adverting to the fact that the assessment in that case was void because the assessors had no jurisdiction to impose it, the learned judge says: .

"Hence it was not necessary for the plaintiff to institute any action or proceeding to vacate the assessment, and thus have it annulled and set aside, before commencing this action. If the assessment had been merely irregular, informal, or unjust, the assessors having jurisdiction to impose the same, then, before an action to recover back the money paid in satisfaction thereof could be maintained, it would have been necessary to have the same vacated or annulled in some way, and thus removed as an obstacle out of the way. But where an assessment is in fact utterly void, on the ground that the assessors had no jurisdiction to impose the same, then an action may be maintained to recover back money paid in satisfaction thereof, without first having the assessment set aside or vacated."

There is no distinction in this respect between a tax and an assessment. National Bank of Chemung v. City of Elmira, 53 N. Y. 49; Newman v. Supervisors, 45 N. Y. 676. The case of United States Trust Co. v. City of New York, 144 N. Y. 492, 39 N. E. 383, does not aid the defendant. There the assessing officers had jurisdiction, and the assessment was irregular, but not illegal. The distinction between an erroneous and an illegal assessment is clearly recognized by the court. See opinion, Gray, J., page 493, 144 N. Y., and page 383, 39 N. E.

The taxes for the years 1887 and 1888 having been illegally imposed on the plaintiff's shares, it cannot, in my opinion, be successfully argued that the action of the banks in paying the same to the receiver of taxes estops the plaintiff from maintaining this action. The banks were not the agents of the plaintiff for any such purpose. The amount paid over was a specific fund belonging to the plaintiff, which the banks delivered to the defendant's officer without the plaintiff's consent. In such case an action for money had and received·can be maintained for the recovery of the money from the party receiving it. Mason v. Prendergast, 120 N. Y. 536, 24 N. E. 806; Horn v. Town of New Lots, 83 N. Y. 100. I am therefore of

the opinion that the plaintiff is entitled to a direction that a verdict be entered in its favor for the amount paid for the taxes for the years 1887 and 1888, with interest from the dates of such payments.

Ordered accordingly.